544 A.2d 512

GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant,

v.

David R. MARGERUM, Linda Susan Neiman, Administratrix of the Estate of Joseph John Neiman, Deceased and Paul Altimore and Joyce Altimore, H/W and Ira Margerum and Beatrice Margerum H/W and Anchor Yacht Club, Inc. and Peter S. Hricko, Appellees.

Superior Court of Pennsylvania.

Argued April 5, 1988.

Filed July 14, 1988.

2. 42 Pa.C.S. § 7102(a).

James M. Marsh, Philadelphia, for appellant.

Paul R. Beckert, Jr., Doylestown, for Neiman, appellees.

Before WIEAND, McEWEN and BECK, JJ.

BECK, Judge:

The sole issue in this declaratory judgment action is whether the appellee/defendant David Margerum was an "insured" person within the meaning of the automobile insurance policy that appellant/plaintiff, General Accident Company of America ("General Accident") issued to Margerum's employer, Peter Hricko. Margerum was driving Hricko's van when he had an accident resulting in the death of a pedestrian. The pedestrian's estate brought suit.

Margerum was a defendant. General Accident denied coverage for Margerum and brought the instant action. After a non-jury trial, the trial court found that Margerum's deviation in use from his employer's express permission was not sufficiently substantial to deny coverage. General Accident was required to provide Margerum with a defense and with coverage up to the limits of the policy. General Accident appealed.[1] We reverse.

In reviewing a judgment entered in a declaratory judgment action, we are bound by the narrow standard of review which exists in equity actions. A judgment of a trial court will not be reversed absent a clear abuse of discretion or error of law. *Federal Kemper Ins. Co. v. Neary*, 366 Pa.Super. 135, 530 A.2d 929 (1987).

The business automobile policy in question provides coverage to Hricko as the named insured and to any person using the vehicle with Hricko's permission. The pertinent provision states:

IV. LIABILITY INSURANCE

D. Who is insured

1. You (the named insured) are an insured for any covered auto.

2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow.

This language provides that Margerum is an insured if his use of the van was within Hricko's permission.

The record reveals that Hricko is the owner of a roofing company in Bristol, Bucks County. His business equipment includes two vans insured by General Accident. In December 1981, he hired Margerum to work as a laborer. At that time, Margerum lived with his parents in Cornwells

---

1. General Accident failed to follow appropriate post-trial procedures pursuant to Pa.R.Civ.P. 1517. However since the order of the trial court does not comport with the procedural rule governing adjudication and does not suggest that General Accident must preserve its right of appeal, we excuse the failure to file exceptions. *Storti v. Minnesota Mut. Life Ins. Co.*, 331 Pa.Super. 26, 479 A.2d 1061 (1984).

Heights, Bucks County, approximately three miles from the roofing company. Hricko considered Margerum a dependable employee and was concerned that Margerum had no means of arriving at work other than hitchhiking. In mid–January, with the onset of unfavorable winter weather, Hricko offered a van to Margerum with the following restrictions: that it be used solely for commuting between home and work, that Margerum not drink and drive, and that the van not be used for personal reasons.

On January 22, 1982, approximately one week after Hricko permitted Margerum to begin using the van, Margerum requested permission to leave work early to attend his sister's wedding in Newtown, Bucks County. Hricko granted the request but specifically instructed Margerum not to take the van to the reception and not to consume alcoholic beverages while driving the van. Margerum drove the van home to his parents and then received a ride to the wedding reception. He left the wedding at approximately 12:30 a.m., and his father drove him back to Cornwells Heights. Margerum then packed his work clothes for the next day, put them in the van and commenced driving about seven miles to his fiancee's residence in Fairless Hills, Bucks County, where he intended to spend the night. As his fiancee's residence was about four miles from the roofing company, his parents' residence and his fiancee's residence were approximately equidistant from his work place. While driving to his fiancee's and still about a mile away from her residence, Margerum struck and killed a pedestrian, walking on the side of the road.

The police report in the record reveals that the violations indicated include driving while intoxicated. The trial court specifically found that during the course of the evening, Margerum imbibed steadily. Margerum did not present evidence to contradict his intoxicated condition at the time of the accident. The trial court states that Margerum was subsequently charged and convicted of driving under the influence.

■ General Accident argues Margerum's use of the van under the circumstances was not within Hricko's permission and that, as a result, Margerum is not an insured under the policy. General Accident correctly recognizes that coverage to an omnibus insured will be extended if the driver's deviation from the named insured's permission is slight and inconsequential, but not if it is substantial. *Freshkorn v. Marietta*, 345 Pa. 416, 29 A.2d 15 (1942). General Accident thus contends that coverage should be denied because Margerum's trip constituted a substantial deviation from the van's permitted use.[2] We agree.

The applicability of a permissive use clause was recently reviewed in *Federal Kemper Ins. Co. v. Neary*, 366 Pa.Super. at 139–40, 530 A.2d at 931:

Under an omnibus clause of an automobile insurance policy which designates as insured any person using the insured vehicle with the permission of the owner, the permission necessary to elevate the user to the status of an additional insured may be express or implied. . . . Implied permission may arise from the relationship of the parties or by virtue of a course of conduct in which the parties have mutually acquiesced.

In the case sub judice, the parties do not contend that there was an implied permission. Rather, the issue is whether Margerum's use of the van to drive to his fiancee's was within Hricko's express permission. Based on *Freshkorn*, we look to whether Margerum's use of the van was a substantial deviation from permission to determine coverage under the insurance policy.

**2.** General Accident also argues the applicability of *Donegal Mut. Ins. Co. v. Eyler*, 360 Pa.Super. 89, 519 A.2d 1005 (1987). Although *Donegal* involves the extent of a permissive use, its holding is based on a permissive use clause excluding from coverage any person using the vehicle without a reasonable belief that he is entitled to do so. Based on this exclusion and evidence that the driver did not believe he was driving with permission, the *Donegal* court affirmed the trial court's grant of summary judgment. Since the case sub judice involves a substantially different permissive use clause, we reject General Accident's analogy.

The trial court focused on whether under the circumstances, the geographical deviation of about seven miles constituted a substantial deviation from Hricko's permission to commute. The court relies upon *Exner v. Safeco Ins. Co. of America,* 402 Pa. 473, 167 A.2d 703 (1961). *Exner* involves a son accomplishing a substantial part of the thing for which his father gave him permission to use the insured motor vehicle. *Exner* distinguishes *Freshkorn* as a case involving one loan of a vehicle and a specific geographical location. *Exner* does not involve an omnibus insured's violation of an express specific restriction on use.

■ In the case sub judice, as in *Exner,* Hricko's instructions on what constituted commuting and personal use were not highly specific. He did not demand that Margerum travel a particular route or that Margerum continue to reside with his parents. In packing his work clothes and taking them to his fiancee's, Margerum was generally conforming to Hricko's instruction to use the van for commuting. It is not clear that Margerum's use of the vehicle was exclusively for personal reasons. Therefore the trial court did not err in finding that by driving to his fiancee's and planning to commute to work from her residence, Margerum did not substantially deviate from Hricko's permission.

Nevertheless, the trial court erred in concluding that there was no substantial deviation from Hricko's permission. By driving under the influence of alcohol, Margerum violated an express specific restriction on his use of the van. Hricko's reiteration of the restriction the day before the accident indicates that the restriction was not inconsequential. This violation renders *Exner* inapplicable. Since Margerum violated an express specific restriction of Hricko's permission to use the van, his deviation in use from Hricko's express permission was a substantial deviation. As a result, Margerum is not an insured under General Accident's policy with Hricko.

Judgment reversed. Jurisdiction relinquished.