## AETNA CASUALTY & SURETY COMPANY

v.

**Dean Steve KLINE, Deanna Goodman, William Goodman, Laura Ribble, John Ribble, G & M Enterprises, Inc., Kenneth M. Humlhanz, and Gale Humlhanz.**

### Civil A. No. 90–5915.

United States District Court, E.D. Pennsylvania.

April 23, 1991.

J. Keath Fetter, Malcolm & Riley, West Chester, Pa., for Aetna Cas. & Sur. Co.

Frank P. Murphy, Katz, Murphy, Oliver, D'Aniello and Farrell, Norristown, Pa., for Deanna and William Goodman.

Judith P. Stutman, Norton A. Freedman, P.C., Norristown, Pa., for Laura and John Ribble.

Edward J. David, Mylotte, David & Fitzpatrick, Philadelphia, Pa., Marvin H. Gold, Hatboro, Pa., for G & M Enterprises, Inc. and Kenneth M. and Gale Humlhanz.

## MEMORANDUM AND ORDER

DITTER, District Judge.

The ultimate issue in this declaratory judgment action is whether an insurance

company must provide to the operator of an automobile the cost of defense in an underlying state action brought to recover damages for injuries he allegedly caused. The immediate issue is whether the insurance company should provide that operator with an attorney to represent him in the declaratory judgment action itself. I conclude that it must.

Plaintiff Aetna Casualty & Surety Company issued a business automobile insurance policy to defendants G & M Enterprises, Inc., Kenneth Humlhanz, and Gale Humlhanz. Kenneth and Gale Humlhanz owned G & M and leased to G & M the vehicles included within the policy coverage.

On September 2, 1988, defendant Dean Steven Kline, a G & M employee, was driving a truck, a "covered" vehicle under the insurance policy, from the worksite back to the G & M garage. As a G & M employee, Kline had nominal permission to do so. However, G & M had a "company policy" that prohibited intoxication on the job. At this stage of the proceedings, it is not disputed that Kline was driving the truck while intoxicated. He was involved in an accident with two other vehicles, one operated by Laura Ribble and the other by Deanna Goodman.

On May 31, 1990, Deanna Goodman and William Goodman commenced an action in the Court of Common Pleas of Montgomery County, Pennsylvania, (hereinafter "the state court action"), against Kline, Kenneth Humlhanz, G & M, and Laura and John Ribble to recover damages for Deanna Goodman's personal injuries. Although Aetna is defending Humlhanz and G & M, it has declined coverage to Kline and is not defending him in the state court action. Aetna asserts that because Kline was intoxicated, G & M had revoked the permission previously granted to him to operate the truck and Aetna is therefore treating him as it would any stranger to the policy.

Aetna commenced this declaratory judgment action to vindicate the position it took in the state court action. It seeks a declaration that its policy does not provide coverage to Kline and it has no duty to defend

him. All parties to the state court action were named as defendants here. All the defendants except Kline are currently represented by counsel. It appears Kline is incarcerated, but is on a work-release program. Aetna initially arranged for an attorney to represent G & M and the Humlhanzes in this action at no cost to them, but they refused Aetna's offer and secured counsel at their own expense.

I asked the parties to file briefs on the question of whether or not Aetna must defend Kline in this action. Kline has neither responded to the complaint nor to my request for briefing.

Liability insurance serves three purposes: (1) it is a way for the insurer to make a profit; (2) it protects the insured from financial harm as long as he pays the premium; and (3) it provides funds for the benefit of those injured by the insured. If Aetna can avoid paying for Kline's representation in this declaratory judgment action, the first purpose is enhanced at the expense of the other two, a result that should not be permitted for a number of reasons.

First, Aetna is in the best position to make sure that even if it must provide representation to Kline or others like him in the future, it remains profitable. It can anticipate the cost of providing its insureds with representation in a declaratory judgment action and calculate a premium based on that amount. The additional expense that Aetna must bear is not so great as to impose an undue burden on other policyholders. Neither Aetna nor its present or future insureds will face a harm that is commensurate with that likely to befall the injured parties and Kline if he continues to be unrepresented here.

Second, Aetna initiated this suit with the knowledge of Kline's dubious financial situation; therefore, it should bear the burden of paying for his representation. Kline is now forced to defend an action that Aetna chose to bring. Kline is at the mercy of Aetna. Aetna's position in this matter may be vindicated, but that is hardly reason to say that Kline should be unrepresented here. If Kline has any money at all, Aetna

is forcing him into the position of spending some or all of it to protect himself in this declaratory judgment action or, if he can predict what will ultimately be decided here, save it to defend himself in the underlying state court action brought by the Goodmans. Aetna has put him on the horns of a dilemma, and quite unnecessarily. If Aetna is sure that it is correct in the position it asserts, both here and in the state court action, this declaratory judgment action is unnecessary. All Aetna has to do is to let Kline fend for himself in state court. If Aetna's position is correct, it will be vindicated there.[1] If Aetna's position is not correct, it can pay the consequences. On the other hand, if Aetna wants this court's blessing to abandon Kline, it should be prepared to pay his costs as well as its own to achieve that result. It is simply unfair to put Kline into the position where he may have to pay counsel fees twice when he probably cannot afford to pay them once.

Third, in all likelihood, if Kline is not provided with an attorney, Aetna may prevail by default or because Kline lacks the legal skills and knowledge to defend himself properly on the merits. Thus, the harm to him will be great and the benefit to Aetna substantial only because he does not have the wherewithal to hire an attorney. His loss will have nothing to do with the merits of his position. His indigence, not the law, will decide his fate. This inequity will be easily rectified if Kline is afforded representation by Aetna.

Fourth, this is a complicated matter. The real issue is not whether Kline had general, overall permission to drive the G & M truck. He did. The question is not even whether he had permission to operate it in the manner in which he did. The real question is whether Aetna, not G & M, can treat as revoked the authorization granted by G & M to Kline to drive G & M's vehicle. In turn, this involves a determination that Kline, despite his intoxication, was aware of the company policy prohibiting intoxication on the job and that he knew that driving from the worksite was a violation of that policy which would cost him the insurance protection that he would otherwise have. This may turn out to be an easy issue for underwriters, adjusters, and lawyers to face. It may prove more troublesome for a judge and jury and was quite likely the farthest thing from Kline's mind on the fateful day. Of course, Kline should not have been driving while he was intoxicated, but that begs the question. The question is whether Aetna can escape liability it would otherwise have to bear because Kline was drunk.

Fifth, if Aetna is correct, Kline will suffer, but the real victims may be the Goodmans and the Ribbles. If Aetna has no duty to defend Kline because a reasonable man would have known he was using G & M's truck without permission, Aetna will have no duty to pay for the injuries suffered by the Goodmans and no duty to the Ribbles should Kline and the Ribbles be found responsible. In short, if Kline was operating the truck without permission, Aetna may be completely off the hook. That means that only the Goodmans and the Ribbles have any interest in contesting Aetna's position in this declaratory judgment action.[2] It is unfair to require the Goodmans and the Ribbles, whose interests are adverse to Kline, to become allied with him here.

Sixth, drunken drivers cause more than their numerical share of highway-carnage. A significant number of accidents can be attributed to the application of alcohol to horsepower. The victim of a drunken driver is often innocent of any wrong, both factually and legally. Of all the classifications of accidents where insurance should be available to pay for the damages suffered, none is more appealing than that where harm has been caused by a drunk. If Aetna is successful in this litigation, quite possibly the Goodmans, who may

---

1. *See, e.g., General Accident Ins. Co. v. Margerum,* 375 Pa.Super. 361, 544 A.2d 512 (1988).

2. G & M and the Humlhanzes have little motivation to pick up this burden. They are far better off if Kline is found to have acted outside the scope of his permission because in that case G & M is also freed of liability.

have been innocent of any wrong, will recover nothing to compensate them for their damages. Just as it would be unfair to make them take up the cudgel in Kline's cause in this case, it would be unfair to have them suffer additionally because Kline is either unwilling or unable to defend himself.

Seventh, Aetna argues that it need not provide a defense to Kline in this case because G & M's insurance policy does not require it to do so in a declaratory judgment action asserted against an insured. Nonetheless, Aetna offered to provide representation to G & M and the Humlhanzes in this case. At this point, Kline is assumed to have been operating the truck with permission. By offering representation to G & M and the Humlhanzes, Aetna showed that it recognized it had a duty to them. It has that same duty so far as Kline is concerned. Aetna should have made the same offer to him as it made to them.

Accordingly, Aetna shall provide an attorney to Kline in the declaratory judgment action.

An order follows.

## ORDER

AND NOW, this 23rd day of April, 1991, it is hereby ordered:

1. Within ten days of the date of this order, counsel for Aetna, the Goodmans, the Ribbles, and the Humlhanzes shall submit:

a. the name of an attorney to represent Kline which is agreeable to all parties;

b. the names of five attorneys to represent Kline in the event no agreement can be reached on one attorney; or,

c. the names of three attorneys to represent Kline that each party believes is capable of competent and zealous representation.

2. If counsel cannot agree on an attorney to represent Kline, I will select one from their proposed list or I will select an attorney of my own choosing.

3. Aetna shall inform Kline forthwith of the consensus attorney, the list of attorneys, or my selection of an attorney. Kline shall file his objections to any attorney within seven days.

4. Aetna shall bear the cost of Kline's representation in this action.

5. Aetna shall serve on Kline personally or by certified mail with return receipt requested a copy of this order and the attached opinion. Aetna shall file a proof of service forthwith.

6. A pre-trial conference is scheduled for May 23, 1991, at 9:30 a.m. in courtroom 6A.