**David S. LEVY, an individual,
Appellee,**

**v.**

**Sander L. LENENBERG, an individual, and Berkowitz, Pierchalski, Inc.,
a corporation, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 27, 2001.
Filed March 20, 2002.

Beth S. Mills, Pittsburgh, for Berkowitz, Pierchalski, Inc.

David A. Strassburger, Pittsburgh, for Lenenberg.

Samuel F. Reynolds, Pittsburgh, for Levy.

BEFORE: DEL SOLE, P.J., ORIE MELVIN, and LALLY–GREEN, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 This is an appeal from the order dated January 24, 2001, overruling the preliminary objections of Appellant Berkowitz, Pierchalski, Inc.[1] We affirm.

¶ 2 The facts as found by the trial court are as follows:

> According to the facts pled in the Complaint, [Appellant] was a securities broker with whom [Appellee David Levy (Levy) ] "opened up an account . . . for the purpose of investing in securities and caused to be transferred to Appellant approximately $173,000.00 of securities and other assets to be invested for his benefit." (Complaint ¶ 5.) [Levy] alleged that he subsequently learned that "[Appellant] had permitted [Defendant] Lenenberg to withdraw, without [Levy's] knowledge or authority, substantially all of the assets in the Account which Lenenberg converted to his own use and benefit and to [Levy's] detriment." (Complaint ¶ 7.) During oral argument it was represented that Defendant Lenenberg was not an employee of Appellant as the Court had assumed. Rather, he was [Levy's] stepfather, who was later convicted of criminal charges related to his conversion of [Levy's] funds.

Trial Court Opinion, 3/9/01, at 2.

¶ 3 After Levy filed his complaint, Appellant filed preliminary objections. One of the objections alleged that an agreement between the parties required them to arbitrate all disputes in the state of New York through the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. Appellant attached a copy of a written agreement purportedly signed by Levy. Levy responded that he never signed the document presented by Appellant and that the signature purported to be his is a forgery.

¶ 4 At the first oral argument on Appellant's preliminary objections, the trial court ordered that the parties submit sup-

---

**1.** Defendant Lenenberg did not file a brief in this matter and did not participate in the proceedings below. While we view Appellant Lenenberg as a party in this case, we shall use the term "Appellant" to refer only to Appellant Berkowitz, Pierchalski, Inc.

plemental briefs on the question of whether an arbitration agreement exists between the parties. In its supplemental brief, Appellant requested the court schedule expedited discovery to determine the existence of such an agreement. At the second oral argument, the trial court denied Appellant's request for discovery on this issue and overruled Appellant's preliminary objections. This timely appeal followed.

¶ 5 Appellant presents two questions for our review:

I. Whether the Lower Court erred in precluding discovery relating to the question of the Arbitration clause of the Contract between the parties.

II. Whether the Lower Court erred in denying the Preliminary Objections relating to the compelling of arbitration.

Appellant's Brief at 4.

¶ 6 Before we begin our discussion of Appellant's arguments, it is necessary to decide whether this appeal is properly before us. We look first to the order overruling Appellant's preliminary objections.

■ ¶ 7 Generally, only final orders are appealable. Pa.R.A.P. 341. Final orders are defined as orders which dispose of all claims and of all parties. *Id.* The order of the trial court overruling Appellant's preliminary objections does not dispose of all claims and all parties. Therefore, the order is not a final order but is interlocutory. Interlocutory orders are appealable only in accordance with Pa.R.A.P. 311 or 312. The pertinent portion of Rule 311 states:

**Rule 311. Interlocutory Appeals As Of Right**

(a) **General Rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

. . .

(8) *Other Cases.* An order which is made appealable by statute or general rule.

Pa.R.A.P. 311(a)(8).[2]

Rule 312 states:

---

2. The full text of Rule 311 reads:

**Rule 311. Interlocutory Appeals As Of Right**

(a) **General Rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

(1) *Affecting Judgments.* An order refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

(2) *Attachments, etc.* An order confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property, except for orders pursuant to Sections 3323(f) and 3505(a) of the Divorce Code, 23 Pa.C.S. §§ 3323(f) and 3505(a).

(3) *Change of Criminal Venue or Venire.* An order changing venue or venire in a criminal proceeding.

(4) *Injunctions.* An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except for injunctions pursuant to Sections 3323(f) and 3505(a) of the Divorce Code, 23 Pa.C.S. §§ 3323(f) and 3505(a). A decree nisi granting or denying an injunction is not appealable as of right under this rule, unless the decree nisi (i) grants an injunction effective upon the entry of a decree nisi or (ii) dissolves a previously granted preliminary injunction effective upon the entry of a decree nisi.

(5) *Peremptory Judgment in Mandamus.* An order granting peremptory judgment in mandamus.

(6) *New Trials.* An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth

**Rule 312. Interlocutory Appeals by Permission**

An appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission).

Pa.R.A.P. 312.

¶ 8 Under Pennsylvania Rule of Appellate Procedure 311(a)(8), an appeal may be taken as of right from an interlocutory order if such order is made appealable by statute or general rule. An agreement to arbitrate a dispute that does not state that the Uniform Arbitration Act applies is conclusively presumed to be an agreement to common law arbitration. *Borgia v. Prudential Insurance Co.*, 561 Pa. 434, 750 A.2d 843, 846 (2000). Common law arbitration is subject to 42 Pa. C.S.A. § 7320, relating to appeals from court orders. 42 Pa.C.S.A. § 7342(a). Section 7320(a)(1) sets forth that an appeal may be taken from a "court order denying an application to compel arbitration made under section 7304 (relating to proceedings to compel or stay arbitration)." *See also*, *Midomo Co., Inc. v. Presbyterian Housing Dev. Co.*, 739 A.2d 180, 184 (Pa.Super.1999). Here, the purported agreement does not invoke the Uniform Arbitration Act. Therefore, the alleged agreement would be a common law agreement to arbitrate, and the denial of an application to compel arbitration pursuant this alleged agreement is appealable.

¶ 9 Our review of a claim that the trial court improperly denied Appellant's preliminary objections in the nature of a petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition. *Id.* at 186. Moreover, "arbitration is a matter of

---

claims that the lower court committed an error of law.

(7) *Partition.* An order directing partition.

(8) *Other Cases.* An order which is made appealable by statute or general rule.

(b) **Order Sustaining Venue or Personal or In Rem Jurisdiction.** An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:

(1) the plaintiff, petitioner or other party benefiting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or

(2) the court states in the order that a substantial issue of venue or jurisdiction is presented.

(c) **Changes of Venue, etc.** An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles.

(d) **Commonwealth Appeals in Criminal Cases.** In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

(e) **Orders Overruling Preliminary Objections in Eminent Domain Cases.** An appeal may be taken as of right from an order overruling preliminary objections to a declaration of taking and an order overruling preliminary objections to a petition for appointment of a board of viewers.

(f) **Administrative Remand.** An appeal may be taken as of right from: (1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion; or (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue which would ultimately evade appellate review if an immediate appeal is not allowed.

contract and, as such, it is for the court to determine whether an express agreement between the parties to arbitrate exists." *Id.* at 187.

¶ 10 The trier of fact determines the genuineness of a signature. 42 Pa. C.S.A. § 6111(d); *Morgan v. First Pennsylvania Bank,* 373 Pa.Super. 408, 541 A.2d 380, 383–384 (1988). Also, the trial court, as the fact finder, may compare a contested signature with a valid signature to determine the authenticity of the signature. *Oaks Fire Co. v. Herbert,* 389 Pa. 357, 132 A.2d 193, 197 (1957).

¶ 11 Our review of the record reflects that Levy filed a complaint based, in part, on a writing. In paragraph 25 of his complaint, Levy averred that he was not in possession of the written agreement between Appellant and himself, never received or submitted the written agreement and, therefore, could not attach the writing to his complaint. The verification of Levy's complaint bore his signature. Appellant, in its preliminary objections, attached as "Exhibit 1" a copy of an agreement purportedly signed by Levy. Paragraph 24 of this agreement contains an agreement to submit any controversy between Levy and Appellant to arbitration by the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. The agreement bears only one signature, which is alleged to be that of Levy.

¶ 12 Levy filed a brief in opposition to Appellant's preliminary objections. Levy asserted that he did not sign the agreement put forth by Appellant and that, in fact, someone other than Levy had signed his name to the agreement. Appellant responded by filing with its supplemental brief an affidavit by Mr. William R. Berkowitz, a member of Appellant Corporation. Mr. Berkowitz swore that he is familiar with Levy's account and that any account agreement entered into by Appellant and Levy would have contained an agreement to arbitrate, as such is the standard practice of Appellant. Levy also filed a supplemental brief and attached an affidavit, signed by Levy and notarized, in which he swore that he did not sign the purported agreement.

¶ 13 The trial court reviewed the above evidence and found that Levy had not signed the agreement. Of significant import to the trial court was that Levy's signatures on his complaint and his affidavit were similar and that both were dissimilar from the signature on the agreement. The trial court concluded that the evidence did not demonstrate the existence of an arbitration agreement and dismissed Appellant's preliminary objections. Having eliminated the purported agreement as a basis for finding the existence of an arbitration agreement, the trial court was left with only Mr. Berkowitz's affidavit that such an agreement existed. Without clear evidence of the arbitration agreement before it, the trial court did not abuse its discretion in dismissing Appellant's preliminary objection.

¶ 14 Appellant also argues that the trial court erred by refusing to allow Appellant discovery to establish the existence of the arbitration agreement. Arguably, this order is interlocutory and unappealable; however, as this issue is so closely tied to the appealable issue discussed above, we will review it on the merits.

¶ 15 Generally, a party to a civil action does not need the permission of the trial court to initiate discovery. *See, generally,* Pa.R.C.P. 4001–4025. Further, when a preliminary objection raises an issue of fact, the trial court shall consider evidence by deposition or otherwise. Pa.R.C.P. 1028(c)(2). Finally, Allegheny County Civil Division Rule 1028.1(G) states that

"[p]ursuant to Pa.R.C.P. 1028(c)(2), the parties promptly shall complete the taking of evidence by deposition or otherwise."

¶ 16 Here, the preliminary objection raised an issue of fact, *i.e.*, whether or not Levy signed the purported agreement. Therefore, the above rules apply to this matter. Under the rules, Appellant did not need permission to initiate discovery, and it was unnecessary to request such permission from the trial court.

¶ 17 Our review of the record reflects that Appellant had ample time within which to conduct discovery and did not require additional time. Levy filed his brief in opposition to the preliminary objections on November 29, 2000, and in that brief he contested the validity of the signature on the purported agreement. While the first oral argument was held December 7, 2000, the trial court rescheduled the proceeding for January 24, 2001 to allow further briefing on the issue of whether an agreement to arbitrate existed. Therefore, Appellant had ample time within which to discover evidence to support its assertion. Indeed, Appellant was required to do so under the rules of civil procedure. Rather than comply with the rules, Appellant delayed until the trial court found its offered evidence incredible to request that it be allowed to conduct discovery. Therefore, the trial court did not abuse its discretion or commit an error of law by denying Appellant the opportunity for additional discovery.

¶ 18 Order affirmed.