AMERICAN INDEPENDENT
INSURANCE COMPANY,
Appellant

v.

E.S., a Minor, by and through P/N/G
Edra Crespo, Edra Crespo and E.G., a
Minor, by and through P/N/G Evelyn
Gonzalez and Pennsylvania Financial
Responsibility Assigned Claims Plan,
Appellees.

Superior Court of Pennsylvania.

Argued March 12, 2002.

Filed Sept. 10, 2002.

Eric J. Slifer, Media, for appellant.

Jack M. Bernard, Philadelphia, for E.G., appellee.

Thomas P. Kelly, Philadelphia, for P.A. Financial, appellee.

Before: JOYCE, BOWES and BROSKY, JJ.

JOYCE, J.

¶ 1 American Independent Insurance Company (hereinafter "AIIC" or "Appellant") appeals the trial court's order compelling AIIC to provide independent counsel to Edra Crespo (Ms. Crespo), and to her son, E.S., in a Declaratory Judgment action. The action was brought by AIIC against E.S., a minor, by and through Ms. Crespo, Ms. Crespo, E.G., a minor, by and through Evelyn Gonzalez, and Pennsylvania Financial Responsibility Assigned Claims Plan (hereinafter "the Plan") (collectively "Appellees"). AIIC filed this action seeking a declaration that it is not required to provide coverage to E.S. as a result of an accident that occurred while he was driving his mother's automobile. After careful review, we reverse. The relevant facts and procedural history of this case are as follows.

¶ 2 The underlying declaratory judgment action had its genesis in an automobile accident that occurred on January 6, 2000, in Philadelphia, Pennsylvania. It is undisputed that Ms. Crespo owned the vehicle, and it is further undisputed that Ms. Crespo's sixteen-year-old son, E.S., was driving the car. E.S. did not have a valid Pennsylvania driver's license when he struck and injured a young girl, E.G. Ms. Crespo carried an automobile insurance policy with AIIC. Following the accident, AIIC claimed that they were not responsible for insuring E.S. Thereafter, AIIC brought the instant declaratory judgment action against E.S., Ms. Crespo, E.G., and the Plan, to determine whether AIIC was obligated to insure E.S. for any damages he may have caused in the January 6, 2000 accident.

¶ 3 The Plan petitioned the trial court for a decree that would obligate AIIC to provide counsel for E.S. and Ms. Crespo in the declaratory judgment action. The petition was granted, and the trial court explained that this decree was to protect against AIIC receiving a default judgment against Ms. Crespo and E.S. before a personal injury claim could be decided on its merits. AIIC now appeals the trial court's order directing it to provide representation to E.S. and Ms. Crespo in the declaratory judgment action.

¶ 4 On appeal, AIIC raises the following issues for our review:

1. WHETHER THE [TRIAL] COURT ERRED IN ORDERING THAT [AIIC] PROVIDE AND PAY FOR SEPARATE AND INDEPENDENT ATTORNEYS FOR DEFENDANT, [E.S.] IN THE DECLARATORY JUDGMENT LITIGATION BECAUSE DEFENDANT [E.S.] IS NOT AN INSURED OF [AIIC]?

2. WHETHER THE [TRIAL] COURT ERRED IN ORDERING THAT [AIIC] PROVIDE AND PAY FOR SEPARATE AND INDEPENDENT ATTORNEY FOR DEFENDANT EDRA CRESPO IN THE DECLARATORY JUDGMENT LITIGATION BECAUSE MS. CRESPO WILL NOT BE AFFECTED BY THE OUTCOME OF THE DECLARATORY JUDGMENT ACTION AND WILL RECEIVE COVERAGE AND/OR A DEFENSE PURSUANT TO THE TERMS OF THE INSURANCE AGREEMENT FROM [AIIC] IF [E.G.] INSTITUTES A SUIT AGAINST MS. CRESPO FOR ANY INJURIES RECEIVED AS A RESULT OF THE JANUARY, 2000 ACCIDENT?

3. WHETHER THE [TRIAL] COURT ERRED IN ISSUING A STAY OF THE DECLARATORY JUDGMENT ACTION, BECAUSE THE PEDESTRIAN HAS NOT INSTITUTED A LAWSUIT FOR THE JANUARY, 2000 ACCIDENT AND THE ISSUES INVOLVED IN THE DECLARATORY JUDGMENT ACTION ARE INDEPENDENT OF ANY ISSUES THAT MAY BE RAISED IF AND WHEN THE PEDESTRIAN INSTITUTES A LAWSUIT FOR THE JANUARY, 2000 ACCIDENT?

4. WHETHER THE [TRIAL] COURT ERRED IN REQUIRING [AIIC] TO DEFEND MS. CRESPO AND [E.S.] IN THE DECLARATORY JUDGMENT ACTION BECAUSE THE DEFENSES AND ISSUES ARE NOT IDENTICAL TO THE ISSUES THAT MAY BE RAISED IF AND WHEN THE PEDESTRIAN INSTITUTES A LAWSUIT FOR THE JANUARY, 2000 ACCIDENT?

Appellant's Brief, at 4.[1]

■ ¶ 5 However, before beginning any discussion of these arguments, we must first determine whether this appeal is properly before us. We have enumerated certain situations when an appeal is proper, and we reiterate that:

Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order (Pa.R.A.P.341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311 and 42 Pa. C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P.313).

*Beltran v. Piersody,* 748 A.2d 715 (Pa.Super.2000) (quoting *Pace v. Thomas Jefferson University Hospital,* 717 A.2d 539, 540 (Pa.Super.1998)).

■ ¶ 6 As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties. *Levy v. Lenenberg and Berkowitz Pierchalski, Inc.,* 795 A.2d 419 (Pa.Super.2002) (citing Pa.R.A.P. 341). Here, the trial court's order staying the action and compelling Appellant to provide independent legal representation to the insured and her son does not dispose of any or all claims or parties. While the trial court and Appellees maintain that the order is interlocutory, Appellant, argues that this order constitutes a collateral order pursuant to Pa.R.A.P. 313.

¶ 7 Pa.R.A.P. 313 provides in pertinent part that a collateral order is an order: 1) separable from and collateral to the main cause of action; 2) where the right involved is too important to be denied review, and; 3) the question presented is such that if review is postponed until final

judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313(b). The courts of this Commonwealth have consistently stated that all three elements set forth in the definition of a collateral order must be present. *Melvin v. Doe,* 789 A.2d 696, 698 (Pa.Super.2001) (citing *Kovatch Enterprises, Inc. v. Hazleton Electric Supply Company,* 714 A.2d 464 (Pa.Super.1998)).

■ ¶ 8 Furthermore,

[t]he collateral order doctrine must be construed narrowly in order to 'protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule, ... causing litigation to be interrupted and delayed by piecemeal review of trial court decisions.'

*Id.* at 698 (citing *McGourty v. Pennsylvania Millers Mutual Insurance Co.,* 704 A.2d 663, 665 (Pa.Super.1997)) (quoting *Watson v. Philadelphia,* 665 A.2d 1315, 1317 (Pa.Cmwlth.1995)).

■ ¶ 9 In the case *sub judice,* the order in question is separable from the main cause of action since it does not affect the merits of the underlying case. *See Chase Manhattan Mortg. Corp. v. Hodes,* 784 A.2d 144, 145, (Pa.Super.2001). The underlying case is the declaratory judgment action, wherein Appellants sought to have the trial court declare that they had no duty to insure E.S. for injuries he may have caused during his use of Ms. Crespo's automobile on January 6, 2000. The order in question however, only directed AIIC to provide counsel for Ms. Crespo and E.S. in the declaratory judgment action—it did not address any of the rights of the parties

---

1. In Appellant's brief, they utilized an alphabetic catalog for listing his questions presented. For ease of reference however, we have substituted the numerals 1—4 for the letters A—D.

in the action itself. The order is clearly separate from the issue of whether or not AIIC has a duty to defend E.S. in a civil suit where he may be a defendant. The first prong is satisfied.

¶ 10 Furthermore, the contract right at issue is too important to be denied review. AIIC's contractual right to be bound only by the terms of the insurance policy, specifically to defend only an insured, would be diluted, if not abrogated, by an order compelling it to defend Appellees in an action initiated to declare the parties' rights pursuant to that specific obligation.

¶ 11 Additionally, the right involved, if denied review will be irreparably lost because at the conclusion of the declaratory judgment action, win or lose, AIIC will have already provided Ms. Crespo and E.S. with counsel. Moreover, if AIIC is forced to supply E.S. and Ms. Crespo with counsel in the declaratory judgment action, the result, again win or lose, is that AIIC suffers the loss of the fees it would pay attorneys to defend an action it initiated. Prongs two and three are met.

¶ 12 Accordingly, this appeal is from a collateral order, and it is therefore, properly before this court. We will proceed to address the issues raised by Appellant on their merits.

▪ ¶ 13 Since the underlying action was brought to declare the rights of the parties under a contract of insurance, the trial court would necessarily have to interpret the contract itself in order to grant the relief that it did. This is true because the contract is the only vehicle that could compel AIIC to defend E.S. in the declaratory judgment action. Accordingly, we must review the contract and determine if the trial court was correct in finding that AIIC was obligated to provide counsel in this action. Interpretation of an insurance policy is a question of law subject to plenary review. *Travelers Cas. & Sur. Co. v.*

*Castegnaro,* 565 Pa. 246, 772 A.2d 456 (2001). With these principles in mind, we will continue with our analysis.

¶ 14 Appellant's first issue is twofold. First, it challenges the propriety of the order directing the appointment of counsel. This is the issue directly addressed in Appellant's fourth issue, *infra,* and we will defer discussion until we reach that issue. The second portion of Appellant's first claim of error, is an assertion that E.S. is not an insured. This claim is the ultimate issue in the underlying declaratory judgment action, and in light of our disposition of this appeal, it is an issue that will be decided by the trial court. Hence, that issue is not properly before this Court, and we offer no opinion as to whether or not E.S. is an insured.

▪ ¶ 15 In the second issue, Appellant claims that it was error for the trial court to order Appellant to provide counsel to Ms. Crespo during the declaratory judgment action. We agree. Any determination made at the conclusion of the declaratory judgment action will have no effect on Ms. Crespo's rights as they exist under the contract with Appellant. Appellant has never asserted that Ms. Crespo is not an insured of AIIC, or that Appellant is challenging its duty to indemnify her pursuant to the contract. Furthermore, the complaint seeking declaratory relief specifically states that AIIC is seeking a declaration as to a controversy with E.S. *See* Complaint, 07/20/2000, at ¶ 7.

▪ ¶ 16 Appellant's third issue presents a claim that the trial court erred by staying the declaratory judgment proceedings. In this regard, the trial court opinion repeatedly references an underlying personal injury action that was filed by the pedestrian, E.G. While the opinion does not directly address the stay, it is evident from the text of the opinion that the trial

court seeks to protect the rights of the parties in the "underlying personal injury action." Presumably, this personal injury action is the reason the stay was granted. We cannot however find evidence of an underlying personal injury action. The record certified on appeal does not contain a complaint or writ instituting such an action, nor does it contain a citation where these documents can be found. Furthermore, Appellant specifically avers that no such action has been filed.

¶ 17 Alternatively, the stay order may have been granted in order to allow counsel, who were to be appointed by the June 11, 2001 order, time to prepare a defense in the declaratory judgment action. In light of our disposition, this rationale becomes inapplicable.

¶ 18 In any event, the record reveals no basis upon which to grant the stay. As such, we find that the trial court abused its discretion in granting the stay, and we reverse that part of the order.

¶ 19 Finally, Appellant argues that the trial court erred in requiring AIIC to defend E.S. and Ms. Crespo in the declaratory judgment action. The trial court opined that the instant case is akin to *Aetna Casualty & Surety Co. v. Kline,* 762 F.Supp. 111 (E.D.Pa.1991) and applied its reasoning. We agree that *Kline* involved a similar situation, however, we decline to follow its reasoning. The Court in *Kline* stated that "if Aetna [the insurer] wants this court's blessing to abandon Kline [the insured], it should be prepared to pay his costs as well as its own to achieve that result." *Id.* at 113.

¶ 20 First, we note *Kline* is a federal case and therefore, it is not binding precedent. *Werner v. Plater–Zyberk,* 799 A.2d 776, 782–83 (Pa.Super.2001). Second, the *Kline* Court cites absolutely no authority for ordering the insurer to defend Kline in a declaratory judgment action. We note

that *Kline* cites *General Accident Insurance Co. v. Margerum,* 375 Pa.Super. 361, 544 A.2d 512 (1988), however, *Margerum* provides no support for the remedy the *Kline* Court ordered, and it underscores the fallacy in the trial court's reasoning. Finally, assuming *arguendo* that *Kline* is binding precedent, it is factually distinguishable. In *Kline* there was a pending third-party personal injury suit, but as we stated above, in the case *sub judice,* we find no evidence that E.G. has sued E.S in such a third-party personal injury action. Accordingly, as stated above, *Kline* is not binding, and we also find that *Kline* is not instructive or persuasive in this matter.

¶ 21 We cannot agree that in this case ordering Appellant to defend E.S. in an action it instituted is proper. Appellant asserts that E.S. is not an insured and seeks a declaration of same. A ruling that orders Appellant to provide counsel to E.S. during the declaratory judgment action directly contradicts the purpose of the action. The learned trial court, the Honorable Allan L. Tereshko, applied equitable standards in granting the petition that sparked the instant appeal. Judge Tereshko stated that "[t]he decree was executed to protect against AIIC receiving a default judgment against [Ms.] Crespo and [E.S.], who most likely would not have been able to challenge [the declaratory judgment action], before the underlying case could be fully tried on the merits. Trial Court Opinion, 11/06/2001 at 2.

¶ 22 While Judge Tereshko carefully considered the equities involved, specifically the possibility of E.S. lacking the financial capacity to hire counsel in the declaratory judgment action, he failed to observe that he was in the contract arena. Only a duty under the insurance policy, a contractual duty, would cause AIIC to have any obligation to defend E.S. in the instant

declaratory judgment action. Judge Tereshko's opinion does not specify any part of the contract that would require the application of equitable principles, nor does it enumerate any authority for his application of equitable principles. The trial court's focus should have been on whether or not any portion of the insurance policy would require AIIC to defend E.S. in the declaratory judgment action.

¶ 23 In light of our determination that the trial court lacked any basis or authority that would permit him to order AIIC to provide counsel, we find that Judge Tereshko clearly erred in ordering such a remedy. The order at issue must be reversed to allow the declaratory judgment action to proceed.

¶ 24 At the conclusion of the declaratory judgment action, if it is determined that Appellant owes no duty to E.S., its position is vindicated. In the event that Appellant does owe a duty to E.S., then E.S. has the ability to seek redress in a bad-faith suit against Appellant. Nevertheless, we reverse the order entered June 11, 2001 in its entirety.

¶ 25 Order reversed. Jurisdiction relinquished.

¶ 26 BROSKY, J., files Dissenting Opinion.

BROSKY, J., Dissenting.

¶ 1 After careful review, I am compelled to dissent as I find the issues raised by Appellant to be interlocutory, not collateral, and therefore, I would quash this appeal.

¶ 2 The trial court ably set forth the facts of this case as follows:

This underlying action arose from a[n] automobile accident which occurred on January 6, 2000, at Second Street near Erie Avenue in Philadelphia, Pennsylvania. The automobile was owned by Ed[r]a Crespo, and was driven by the owner's sixteen year old son, [E.S.]. Crespo's automobile was insured by AIIC. [E.S.] was driving without a valid Pennsylvania driver's license when he struck and injured a young girl, [E.G.].

Plaintiff, [E.G.] filed a personal injury claim against Defendant, Crespo seeking compensation for the driver's negligence in causing her injuries. Crespo's insurer, AIIC, responded that the owner had never authorized the driver, her son [E.S.], to use the car, and that they were not responsible for insuring [E.S.] against the Plaintiff's claim.

Thereafter, AIIC brought the within Declaratory Judgment action against Crespo and the [Pennsylvania Financial Responsibility Assigned Claims] Plan, to determine whether AIIC did in fact have an obligation to insure Crespo, and her son [E.S.].

[The trial] court found upon petition by "The Plan", that before the merits of the Declaratory Judgment action would be determined, AIIC was to first provide Crespo and [E.S.] representation in the Declaratory Judgment action. This decree was executed to protect against AIIC receiving a default judgment against Crespo and [E.S.], who most likely would not have been able to challenge that action, before the underlying case could be fully tried on the merits.

AIIC now appeals [the trial court's] order directing them to provide representation to [E.S.] and Crespo if they choose to go forward with that action.

Trial Court Opinion, November 6, 2001, at 2.

¶ 3 The majority opines that this order constitutes a collateral order pursuant to Pa.R.A.P. 313.

¶ 4 Pa.R.A.P. 313 provides:

**(a) General Rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

**(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. The courts of this Commonwealth have consistently stated that all three elements set forth in the definition of a collateral order must be present. *Melvin v. Doe*, 789 A.2d 696, 698 (Pa.Super.2001) (citing *Kovatch Enterprises, Inc. v. Hazleton Electric Supply Company*, 714 A.2d 464 (Pa.Super.1998)). Furthermore,

> [t]he collateral order doctrine must be construed narrowly in order to 'protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule, . . . causing litigation to be interrupted and delayed by piecemeal review of trial court decisions.'

*Id.* at 698 (citing *McGourty v. Pennsylvania Millers Mutual Insurance Co.*, 704 A.2d 663, 665 (Pa.Super.1997)) (quoting *Watson v. Philadelphia*, 665 A.2d 1315, 1317 (Pa.Commw.1995)).

¶ 5 In narrowly reviewing the 'stringent' requirements set forth in Rule 313, I would look to determine whether the first of the three elements has been satisfied here. *Melvin, supra* (citation omitted). The first requirement is that the order must be separable from and collateral to the main cause of action and must not be of such "an interlocutory nature as to affect, or be affected by" the merits of the main cause of action. *Smitley v. Holiday Rambler Corp.*, 707 A.2d 520, 525 (Pa.Super.1998) (quoting *Cohen v. Beneficial Industrial Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). After review of the order I am convinced that the issues raised by Appellant are so intertwined with the merits of the Declaratory Judgment action that I cannot find the order to be collateral to or separate from the underlying action. Appellant brought this action for the court to determine that it had no duty to defend or indemnify E.S. In essence, the order here goes to the heart of the matter at issue. Therefore, unlike the majority, I cannot find that the order is separable from and collateral to the main cause of action, and thus, I need not address whether the remaining requirements of a collateral order have been met.[2] *See Melvin, supra,* at 699 (citing *Gottschall v. Jones & Laughlin Steel Corp.*, 333 Pa.Super. 493, 482 A.2d 979 (1984)).

¶ 6 Because I believe that the order from which Appellant appeals is interlocutory, rather than a collateral order pursuant to Pa.R.A.P. 313, I would not entertain the appeal at this time. Therefore, because the Court is without jurisdiction to entertain the appeal, I would quash this appeal.

---

**2.** Assuming for the sake of argument that the first prong was met, I also do not believe that either the second or third prongs have been satisfied. I am not persuaded there is an important right that must be reviewed at this time, nor that the claim will be irreparably lost.