J. A01014/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WENDY ANN McCLOSKEY, EXECUTRIX | : | IN THE SUPERIOR COURT OF |
| OF THE ESTATE OF ARTHUR PARTNER, | : | PENNSYLVANIA |
| DECEASED, AND PATRICIA PARTNER, | : | |
| IN HER OWN RIGHT, | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| CEMLINE CORPORATION, CERRO WIRE | : | |
| AND CABLE COMPANY, INC., | : | |
| THE LINCOLN ELECTRIC COMPANY, | : | |
| MADDEN BOILER WORKS, INC., | : | |
| METROPOLITAN LIFE INSURANCE | : | |
| COMPANY, PPG INDUSTRIES, INC., | : | No. 482 WDA 2014 |
| PPG AUTO GLASS, LLC, AND | : | |
| RHEEM MANUFACTURING COMPANY | : | |

Appeal from the Order Entered March 5, 2014,
in the Court of Common Pleas of Cambria County
Civil Division at No. GD 2008-5730

| | | |
|---|---|---|
| WENDY ANN McCLOSKEY, EXECUTRIX | : | IN THE SUPERIOR COURT OF |
| OF THE ESTATE OF ARTHUR PARTNER, | : | PENNSYLVANIA |
| DECEASED, AND PATRICIA PARTNER, | : | |
| IN HER OWN RIGHT | : | |
| | : | |
| v. | : | |
| | : | |
| CEMLINE CORPORATION, CERRO WIRE | : | |
| AND CABLE COMPANY, INC., | : | |
| THE LINCOLN ELECTRIC COMPANY, | : | |
| MADDEN BOILER WORKS, INC., | : | |
| METROPOLITAN LIFE INSURANCE | : | |
| COMPANY, PPG INDUSTRIES, INC., | : | |
| PPG AUTO GLASS, LLC, AND | : | |
| RHEEM MANUFACTURING COMPANY | : | |
| | : | |

J. A01014/15

APPEAL OF: PPG INDUSTRIES,     :      No. 530 WDA 2014
                                    :
            Appellant      :

Appeal from the Order Dated March 5, 2014,
in the Court of Common Pleas of Cambria County
Civil Division at No. 2008-5730

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED JUNE 17, 2015**

PPG Industries ("PPG") and Wendy Ann McCloskey ("McCloskey"), executrix of the estate of Arthur Partner, deceased, and Patricia Partner, in her own right as the widow of Mr. Partner, have filed cross-appeals in this asbestos-related personal injury action. After careful review, we vacate and remand for further proceedings.

The plaintiffs alleged that while employed by PPG, Mr. Partner developed mesothelioma as a result of his exposure to asbestos. PPG filed a motion for judgment on the pleadings on the basis that the action was barred by the exclusivity provision of the Workers' Compensation Act, 77 P.S. § 481. Under controlling authority at the time, the trial court granted the motion on August 31, 2010. Trial was scheduled for September 3, 2013, against the remaining defendants.

On August 8, 2013, the trial court granted summary judgment for Madden Boiler Works, Inc., Rheem Manufacturing Co., Lincoln Electric Co., and PGW Auto Glass, LLC, f/k/a PPG Auto Glass, LLC. On August 28, 2013,

- 2 -

the trial court granted the motion for voluntary discontinuance as to Cemline Corp. On November 26, 2013, plaintiffs filed a praecipe to settle, discontinue, and end as to Dravo Corp. The praecipe was filed after a jury had already been empaneled. Pursuant to local rule, on January 7, 2014, the trial court issued an order apportioning jury selection costs between plaintiffs and Dravo.

At that point, two named defendants remained, Metropolitan Life Insurance Co. ("Met Life") and Cerro Wire and Cable Co., Inc. ("Cerro"). On March 5, 2014, the trial court granted plaintiffs' "Motion for Final Order." The trial court ordered that, "All claims against all parties are disposed of, and this Order constitutes the Final Order in the above captioned action." Plaintiffs filed an appeal on March 24, 2014. On April 11, 2014, PPG's motion for clarification and/or reconsideration of the March 5, 2014 order was denied. PPG filed its cross-appeal on April 1, 2014. The trial court did not order the parties to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A.

Appellants, plaintiffs below, have raised the following issue for this court's review:

> 1. Whether the Trial Court erred by granting judgment on the pleadings against Plaintiffs and in favor of PPG Industries, Inc., on the basis that Plaintiffs' claims against PPG were barred by the exclusivity provision of the Workers' Compensation Act?

McCloskey's brief at 4.

Cross-appellant, PPG, argues that the instant appeal is untimely and must be quashed:

> Whether the trial court's August 31, 2010 order granting PPG's motion for judgment on the pleadings became a final, appealable order more than 30 days before Plaintiff[s] filed this appeal?

Brief of PPG at 3.

We will address PPG's issue on cross-appeal first, as it implicates this court's jurisdiction.

> Our Court may reach the merits of an appeal taken from "([1]) a final order or an order certified as a final order; (2) an interlocutory order [appealable] as of right; (3) an interlocutory order [appealable] by permission; or (4) a collateral order." ***Commerce Bank v. Kessler***, 2012 PA Super 100, 46 A.3d 724, 728 (Pa.Super.2012), quoting ***Stahl v. Redcay***, 897 A.2d 478, 485 (Pa.Super.2006) (internal citations omitted), ***appeal denied***, 591 Pa. 704, 918 A.2d 747 (2007). "As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." ***American Independent Insurance Co. v. E.S.***, 809 A.2d 388, 391 (Pa.Super.2002); ***see*** Pa.R.A.P. 341. Once an appeal is filed from a final order, all prior interlocutory orders become reviewable. ***Quinn v. Bupp***, 955 A.2d 1014, 1020 (Pa.Super.2008), ***appeal denied***, 605 Pa. 688, 989 A.2d 918 (2009).

***In re Bridgeport Fire Litigation***, 51 A.3d 224, 229 (Pa.Super. 2012).

> This court ordinarily has jurisdiction only over appeals taken from final orders. 42 Pa.C.S. § 742. A final order is an order which effectively ends the litigation or disposes of the entire case. ***DiDio v. Philadelphia Asbestos Corp.***, 434 Pa.Super. 191, 642 A.2d 1088 (1994). As defined in the Rules of

> Appellate Procedure, a final order disposes of all claims or of all parties. Pa.R.A.P. 341.

*Hahalyak v. Integra Financial Corp.*, 678 A.2d 818, 819 (Pa.Super. 1996). "A trial court order declaring a case settled as to all remaining parties renders prior grants of summary judgment final for Rule 341 purposes, even if the prior orders entered disposed of fewer than all claims against all parties." *Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643, 650 (Pa.Super. 2002), *appeal denied*, 829 A.2d 1158 (Pa. 2003), citing *Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 762 (Pa.Super. 1999).

PPG argues that the matter became final and appealable on November 26, 2013, when the plaintiffs discontinued their claim against Dravo. According to PPG, Dravo was the only remaining defendant in the case. PPG claims that the trial court's January 7, 2014 order assessing jury selection costs against plaintiffs and Dravo constituted its final administrative act in the case and confirmed that the case became final on November 26, 2013. PPG characterizes the plaintiffs' March 5, 2014 motion for a final order as unnecessary and redundant. PPG contends that the 30-day appeal period expired on December 26, 2013.

PPG's argument ignores the fact that Cerro and Met Life remained in the case until the March 5, 2014 order. While PPG characterizes them as "completely inactive," Cerro and Met Life remained defendants of record and

plaintiffs' claims against them were not disposed of until the March 5, 2014

final order. Therefore, plaintiffs' appeal was timely filed.

We now turn to plaintiffs' claim on appeal.

> Our scope of review on an appeal from the grant of judgment on the pleadings is plenary. ***Meehan v. Archdiocese of Philadelphia***, 870 A.2d 912, 918 (2005). Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. ***Citicorp North America, Inc. v. Thornton***, 707 A.2d 536, 538 (Pa.Super.1998). It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. ***Id.*** In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. ***Id.*** On appeal, we accept as true all well-pleaded allegations in the complaint. ***Meehan***, ***supra***.

> On appeal, our task is to determine whether the trial court's ruling was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly be tried before a jury or by a judge sitting without a jury. ***Citicorp***, ***supra***.

>> Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only when the moving party's case is clear and free from doubt such that a

> trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.
>
> ***Kelly v. Nationwide Insurance Company***, 414 Pa.Super. 6, 606 A.2d 470, 471-72 (1992) (quotations and citations omitted).

***Consolidation Coal Co. v. White***, 875 A.2d 318, 325-326 (Pa.Super. 2005).

In granting PPG's motion for judgment on the pleadings, the trial court relied on this court's opinion in ***Sedlacek v. A.O. Smith Corp.***, 990 A.2d 801 (Pa.Super. 2010), ***appeal denied***, 4 A.3d 1054 (Pa. 2010), in which we held that the exclusivity provisions of the WCA applied to bar the plaintiffs' common law negligence claims even though more than 300 weeks had passed since the date of last employment and they could no longer seek recovery under the WCA. We found that the WCA's exclusivity provision does not violate due process even when no recovery is provided by the Act.

In ***Tooey v. AK Steel Corp.***, 81 A.3d 851 (Pa. 2013), our supreme court held that the WCA does not bar a common law cause of action where the claims are not compensable under the Act. In ***Tooey***, the plaintiffs were diagnosed with mesothelioma more than 300 weeks after the last employment-based exposure, and therefore, the Act did not apply to their claims. As such, the ***Tooey*** court concluded that, consistent with the remedial goals of the statute, the exclusivity provision did not preclude the plaintiffs from seeking compensation for their injuries via a common law

action: "to prohibit an employee from filing an action at common law, despite the fact that employee has no opportunity to seek redress under the Act, leaves the employee with **no remedy** against his or her employer, a consequence that clearly contravenes the Act's intended purpose of benefitting the injured worker." **Tooey**, 81 A.3d at 864 (emphasis in original).

In granting PPG's motion for judgment on the pleadings, the trial court relied on **Sedlacek**, which was subsequently abrogated by **Tooey**. Plaintiffs allege that Mr. Partner's workplace exposure ended by 1995 and he was diagnosed with mesothelioma in 2007, a period greater than 300 weeks. If these allegations are true, his claims would not fall within the purview of the Act, and he would not be barred from bringing a common law cause of action alleging PPG's negligence. PPG argues that since **Tooey** issued in November 2013, after the trial court's ruling on PPG's motion for judgment on the pleadings, the parties have conducted no discovery and developed no evidence relevant to a **Tooey** analysis, including Mr. Partner's last occupational exposure to asbestos. (PPG's reply brief at 12.) Therefore, it is necessary to vacate the order and remand for further proceedings.

Order vacated. Remanded. Jurisdiction relinquished.

J. A01014/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2015