J-S43020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS E. ALEXANDER | : | |
| | : | |
| Appellant | : | No. 640 EDA 2025 |

Appeal from the PCRA Order Entered February 4, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005336-2013

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED MARCH 13, 2026**

Louis E. Alexander appeals *pro se* from the denial of his motion to disqualify. Since Alexander appeals from an order that is not final, we quash the appeal.

In 2015, a jury convicted Alexander of first-degree murder, carrying a firearm without a license, and possessing an instrument of crime.[1] The court sentenced him to life imprisonment without parole for the murder conviction and concurrent terms of one to two years reporting probation for the remaining offenses. We affirmed the judgment of sentence and our Supreme Court denied Alexander's petition for allowance of appeal in 2017. ***See Commonwealth v. Alexander***, No. 1404 EDA 2016, 2017 WL 2929123

---

[1] 18 Pa.C.S.A. §§ 2502(a), 6106(a)(1), and 907(a), respectively.

(Pa.Super. filed July 10, 2017) (unpublished mem.), *appeal denied*, 176 A.3d 231 (Table) (Pa. filed December 5, 2017).

Alexander filed the instant *pro se* PCRA petition, his second, in May 2024. On December 30, 2024, the PCRA court filed a Rule 907 notice of its intent to dismiss the petition. **See** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, filed 12/30/24. Alexander filed a motion to extend the deadline to file a response to the Rule 907 notice, which the court granted. **See** Order, filed 1/21/25. Alexander then filed what he purported to be an amended PCRA petition as well as his response to the Rule 907 notice on January 22, 2025. The same day, he also filed a Motion to Disqualify the PCRA court judge. **See** Motion to Disqualify Judge, Joseph Scott O'Keefe Pursuant to Pa.R.C.P. 1701, filed 1/22/25. The court denied the motion to disqualify. Alexander then filed the instant appeal challenging the court's denial of his motion. Both the PCRA court and the Commonwealth maintain that this appeal is premature and should be quashed.

"[A]n appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341(a). Final orders are those that dispose of all claims and all parties. **See Am. Indep. Ins. Co. v. E.S.**, 809 A.2d 388, 391 (Pa.Super. 2002). For purposes of the PCRA, "[a]n order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.A.P. 341(f). We may address a premature appeal if subsequent actions of the PCRA court ripen the appeal. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the

announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

Here, the denial of the motion to "disqualify" the judge is not a final order because it did not dispose of all claims and parties. *See Int. of D.R.*, 216 A.3d 286, 292 (Pa.Super. 2019); *In re Bridgeport Fire Litig.*, 51 A.3d 224, 229 (Pa.Super. 2012) ("an order on a motion for recusal is an interlocutory order for purposes of an appeal"). Rule 905 does not apply since the PCRA court took no further action in addressing Alexander's petition once he appealed.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2026