### In re BRIDGEPORT FIRE LITIGATION

**Appeal of Professional Flooring Co., Inc., Limerick Carpet and Flooring, Inc., Rose Line, Inc., and Renu Electronics, Inc.**

Superior Court of Pennsylvania.

Argued March 28, 2012.
Filed Aug. 14, 2012.

Donald E. Haviland, Jr., Philadelphia, for Professional Flooring Co., Inc., Limerick Carpet and Flooring, Inc., Rose Line, Inc., and Renu Electronics, Inc., appellants.

Charles L. Becker, Philadelphia, for Professional Flooring Co., Inc., et al. (the Class Plaintiffs), participating parties.

BEFORE: STEVENS, P.J., ALLEN and OLSON, JJ.

OPINION BY OLSON, J.:

Currently before the Court is the appeal of Appellants, Professional Flooring Co., Inc., Limerick Carpet and Flooring, Inc., Rose Line, Inc., and Renu Electronics, Inc. ("Appellants" or "Certain Class Plaintiffs") of the July 27, 2011 order denying the

Motion of Certain Class Plaintiffs for Recusal of the Honorable Steven T. O'Neill from Continuing to˙ Serve as Presiding Judge Over the *Bridgeport Fire Litigation.* After careful review, we quash the appeal.

The history of this case is long and complex. A prior panel of this Court set forth the factual and procedural history relevant to this appeal as follows:

> This matter forms a small part of the class action litigation that arose from the destruction by fire on May 15, 2001 of a large, multi-unit industrial complex known as the Continental Business Center ("CBC") in Bridgeport, Pennsylvania. Appellants, Certain Class Plaintiffs, are businesses that suffered losses in the fire and are [four of] the original plaintiffs, having filed a putative class action suit against the owners and managers of the CBC nine days after the fire occurred. On April 14, 2003, Judge [Steven T.] O'Neill certified the class and appointed Certain Class Plaintiffs [along with Salmon Industries, Inc. and Purdy–Pak, Inc.] as representative plaintiffs of the class. He also appointed the law firms of Kline & Specter, P.C. and High Swartz, LLP as class counsel.

> In the following months and years, the parties engaged in extensive discovery. The [trial] court presided over numerous hearings and disposed of over 100 motions and the parties and the [trial] court held lengthy settlement discussions. In the midst of this activity, Donald E. Haviland, Jr., Esquire, an associate with class counsel Kline & Specter, left his employment at Kline & Specter and started his own practice, then known as "The Haviland Firm." As a result of [Attorney] Haviland's depar-

ture, a dispute arose over who would act as class counsel. Ultimately, Kline & Specter remained as class counsel, although [Attorney] Haviland was permitted to represent Certain Class Plaintiffs as personal counsel.

> A partial settlement was reached on February 19, 2008 for the sum of $30,000,000.[00.] The remaining two defendants subsequently agreed to settlements totaling $5,000,000.[00.] Thereafter, class counsel distributed a Notice of Settlement and Judge O'Neill held a Fairness Hearing on June 23, 2008. Finally, on July 8, 2008, the court approved the settlement totaling $35,000,000[.00], and appointed Gary S. Silow, Esquire, as [c]laims [a]dministrator.[1] The [c]laims [a]dministrator was tasked with scrutinizing the claims of each claimant to determine what amount, if any, each would receive from the gross settlement proceeds. On August 7, 2009, [Mr.] Silow submitted his report to Judge O'Neill. On September 1, 2009, class counsel filed a motion for approval of compensation for [Mr.] Silow, which the [trial] court approved by order docketed on September 10, 2009 . . . .

> . . . [O]n September 4, 2009[, the trial court] denied a motion for incentive payments filed by Attorney Haviland on behalf of Certain Class Plaintiffs. Judge O'Neill denied that motion based upon his belief that Attorney Haviland lacked standing to file such a motion on behalf of the class representatives, as he is not court-appointed class counsel.

> Providing a backdrop to the entry of the [September 10, 2009 order approving compensation for the claims adminis-

1. In November 2009, Mr. Silow was elected as a judge on the Court of Common Pleas of Montgomery County. He began serving his ten-year term in January 2010.

trator and the September 4, 2009 order denying the motion for incentive payments filed on behalf of Certain Class Plaintiffs] is a motion for recusal filed by Attorney Haviland on behalf of Certain Class Plaintiffs, which alleges bias on the part of Judge O'Neill against Certain Class Plaintiffs. [The motion for recusal was filed on May 14, 2009—after Judge O'Neill approved the settlement and while the claims administrator was still analyzing the individual claimants' claims.]

*In re Bridgeport Fire Litigation,* 5 A.3d 1250, 1252–1253 (Pa.Super.2010) (internal footnotes omitted).

Appellants, through their private counsel Attorney Haviland, appealed Judge O'Neill's September 4, 2009 order denying Certain Class Plaintiffs' motion for incentive payments and September 10, 2009 order approving the claims administrator's compensation. Another panel of this Court considered the appeal, and in a published opinion, this Court vacated Judge O'Neill's orders of September 4, 2009 and September 10, 2009 and remanded the case back to the trial court with specific instructions. *Id.* This Court concluded that Judge O'Neill erred in ruling on the motion for incentive payments and the motion for the claims administrator's compensation without first ruling on Appellants'

motion for recusal.[2] *Id.* at 1257 ("the most prudent course of action is for a court to abstain from entering any substantive orders until a pending recusal motion has been disposed of.")

After concluding that the trial court erred in failing to rule on Appellants' motion for recusal, this Court looked at the specific issues raised by Appellants with respect to the orders entered by the trial court on the motion for incentive payments and the motion for claims administrator's compensation.

As for the motion for incentive payments to class representatives filed on behalf of Certain Class Plaintiffs, this Court concluded that the trial court erred in addressing the merits of said motion, not only because the trial court had not yet ruled on the motion for recusal, but also because Certain Class Plaintiffs lacked standing to file such a motion. *Id.* at 1258. Specifically, we concluded that it was within the province of class counsel—and not Certain Class Plaintiffs' personal counsel—to file such a motion on behalf of the class representatives. We noted that class counsel did, in fact, file a motion for incentive payments on behalf of all class representatives; however, the trial court failed to take action on that motion. Thus, we concluded that "[t]he proper course of action would have been for the trial court to

---

**2.** It is clear that Judge O'Neill did not expressly rule on the motion for recusal filed on behalf of Certain Class Plaintiffs. However, Judge O'Neill did not merely ignore the recusal motion when he ruled on the motions for incentive payments and claims administrator's fees. Instead, Judge O'Neill explained his inaction on the motion to recuse as follows:

> [Certain Class Plaintiffs are] members of the [c]lass, which [is] represented exclusively by [c]lass [c]ounsel and not Mr. Haviland. The question of fairness and impartiality of the [trial court] has been raised *only* by Mr. Haviland and not by [c]lass

[c]ounsel or any [d]efendant in this case. Mr. Haviland has no standing to move to recuse the [trial court].

*In re Bridgeport Fire Litigation,* 5 A.3d at 1253, quoting Trial Court Opinion, 12/31/09, at 13 (emphasis in original).

The issue of whether Certain Class Plaintiffs and their attorney did, in fact, have standing to seek the trial court's recusal was expressly addressed by this Court in *In re Bridgeport Litigation, supra.* This Court determined that they did have standing which served as the basis for our decision to remand the case back to the trial court for a ruling on the recusal motion.

strike Certain Class Plaintiffs' motion and rule on the merits of class counsel's motion (after, of course, ruling on the recusal motion)." *Id.* Accordingly, we remanded the case "with instructions that the trial court rule promptly on the motion filed by class counsel.... Of course, if the trial court recuses itself, the motion for incentive payments must be ruled upon by the newly appointed judge." *Id.*

Turning to the order granting the motion for claims administrator's fees, we concluded that this order must also be vacated because it was entered during the pendency of the recusal motion. We went on to find that the trial court also erred in not giving the parties an opportunity to respond and object to the fees and costs requested by the claims administrator. Thus,

> having previously vacated the order on other grounds, we remand[ed] with instructions that the [trial court] require that notice and an opportunity to object is provided in accordance with the relevant rules of court prior to issuing an order. In the event that the trial court recuses itself, the motion shall be ruled upon by the newly assigned judge.

*Id.* at 1259–1260 (footnote omitted).

Following remand, Judge O'Neill did as instructed by this Court and ruled on Appellants' Motion of Certain Class Plaintiffs for Recusal of the Honorable Steven T. O'Neill from Continuing to Serve as Presiding Judge Over the *Bridgeport Fire Litigation.* On July 27, 2011, Judge O'Neill entered a memorandum and order denying the motion.[3] On August 26, 2011, before Judge O'Neill had ruled on the motion for incentive payments filed by class counsel and before steps could be taken to rule on the claims administrator's request for fees (following notice and any opportunity to object), Appellants filed their Notice of Appeal appealing Judge O'Neill's denial of their recusal motion.[4]

In their appeal, Appellants raise three issues for our review:

1. Did Judge O'Neill abuse his discretion in denying Appellants' [m]otion for [r]ecusal based upon the cumulative record of the judge's remarks and conduct demonstrating his prejudgment of issues, predisposition against Appellants and their counsel, and admitted appearance of bias at times?

2. Did Judge O'Neill err in denying Appellants' [m]otion for [r]ecusal after he previously granted the motion for recusal filed by Appellants' co-plaintiffs in the consolidated Bridgeport Fire Litigation, which prior [m]otion was based on circumstances similar to, but far less egregious than, those presented by the co-plaintiffs?

3. Should an out-of-county judge be appointed to hear the remaining two issues affecting Appellants' substantive rights, one of which involves the requested compensation of a sitting member of the Montgomery County bench?

Appellants' Brief at 9.

■ Before we may consider the merits of the issues raised by Appellants, we must

---

**3.** Although the opinion of this Court remanding the case to the trial court was filed in September 2010, the record in a series of related appeals remained with this Court and the Pennsylvania Supreme Court. The record was remitted to the trial court on July 12, 2011 after the Supreme Court denied the petition for allowance of appeal. Trial Court Memorandum, 7/26/11, at 1, n. 1.

**4.** The trial court did not order Appellants to file a Rule 1925(b) Statement.

consider whether we have jurisdiction to decide this appeal.

Upon receipt of Appellants' notice of appeal, this Court entered an order directing Appellants to show cause as to why this appeal should not be dismissed. Specifically, the show cause order noted that the trial court's "order denying [Certain Class Plaintiffs'] motion for recusal appears to be premature" since an order on a motion for recusal is an interlocutory order for purposes of an appeal. Order, 10/3/11. *See Rohm and Haas Co. v. Lin,* 992 A.2d 132, 149 (Pa.Super.2010) ("A motion for recusal is an interlocutory order."), *cert. denied,* —— U.S. ——, 132 S.Ct. 852, 181 L.Ed.2d 550 (U.S.2011).

Appellants filed a timely response to this Court's show cause order setting forth some of the case's lengthy and convoluted procedural history. Appellants went on to argue as follows:

> The trial court's delay [in ruling on Appellants' motion for recusal] has lead [sic] to the somewhat anomalous situation of the ruling on a motion for recusal coming after final judgment was entered in this case. The settlement was approved by the trial court, over Appellants' objections, and affirmed on appeal by this Court.[5] All other ancillary appeals regarding the litigation have been considered and ruled upon by this [C]ourt.

> If the subject order is not ripe for review now that all issues in the Bridgeport Fire [L]itigation have been resolved, save those relating to the recusal motion, then they will never be reviewable. Since this Court directed the trial

court to rule on Appellants' Motion for Recusal, and the trial court has done so, appellate review is appropriate. There is no other appropriate time for this Court to consider the merits of the instant appeal. . . .

Appellants' Response to Show Cause Order, at 3. Appellants, therefore, conclude that the appeal is properly before this Court at this time. We disagree.

▮▮▮ Our Court may reach the merits of an appeal taken from "(a) a final order or an order certified as a final order; (2) an interlocutory order [appealable] as of right; (3) an interlocutory order [appealable] by permission; or (4) a collateral order." *Commerce Bank v. Kessler,* 2012 PA Super 100, 46 A.3d 724, 728 (Pa.Super.2012), *quoting Stahl v. Redcay,* 897 A.2d 478, 485 (Pa.Super.2006) (internal citations omitted), *appeal denied,* 591 Pa. 704, 918 A.2d 747 (2007). "As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *American Independent Insurance Co. v. E.S.,* 809 A.2d 388, 391 (Pa.Super.2002); *see* Pa. R.A.P. 341. Once an appeal is filed from a final order, all prior interlocutory orders become reviewable. *Quinn v. Bupp,* 955 A.2d 1014, 1020 (Pa.Super.2008), *appeal denied,* 605 Pa. 688, 989 A.2d 918 (2009).

We agree with Appellants that this case presents a "somewhat anomalous situation" in that the trial court's order denying the motion to recuse was not filed until after final judgment was entered in this case and the appeals from the final judgment and all prior interlocutory orders were decided.[6] As a result, the order in

---

5. Five appeals were filed following the settlement of the class action—three of which were filed by Certain Class Plaintiffs or Attorney Haviland. These appeals were consolidated and decided by this Court in an opinion affirming the trial court's various orders. *In re*

*Bridgeport Fire Litigation,* 8 A.3d 1270 (Pa.Super.2010), *appeal denied,* 611 Pa. 119, 23 A.3d 1003 (2011).

6. We take exception, however, with Appellants' position set forth in their response to

question does not fit precisely within the definition of an interlocutory order. However, when the order is viewed in the proper procedural context, it is apparent that it is not a final order but an interlocutory order.

A final order is any order that disposes of all claims and all parties. Pa.R.A.P. 341(b).[7] Appellants contend that the order denying their motion for recusal is final as all claims involving all parties in this litigation have been resolved except those related to the motion to recuse. We disagree. As previously set forth in detail, this Court vacated the trial court's orders of September 4, 2009 and September 10, 2009 and remanded this case to the trial court with explicit instructions to rule upon 1) Appellants' motion for recusal; 2) class counsel's motion for incentive payments; and 3) the motion for claims administrator's fees (after giving the parties notice and an oppor-

tunity to object). The trial court was only able to complete the first assignment since Appellants appealed the trial court's order denying the motion to recuse before the court could consider and rule upon the remaining two motions. Thus, contrary to Appellants' argument, the motion to recuse was not the only matter left for the trial court to consider.

■■■ Moreover, Appellants' statement in their response to our rule to show cause that "there is no other appropriate time for this Court to consider the merits of the instant appeal" also lacks merit.[8] The appropriate time for this Court to consider the merits of the instant appeal is after the trial court rules on the motion for incentive payments and the motion for the claims administrator's fees, as the trial court was instructed to do by this Court in its September 28, 2010 opinion. Appellants will not be denied the opportunity to appeal

show cause that the trial court was somehow to blame for the present "anomalous situation" because it delayed ruling on the motion for recusal. First, as previously noted, because of various appeals that were pending before this Court and a petition for allowance of appeal that was filed with our Supreme Court, the record in this case was not remitted to the trial court following remand until July 12, 2011. Judge O'Neill entered his order denying Appellants' motion for recusal on July 27, 2011. Hence, Judge O'Neill made a prompt ruling upon remand. Moreover, contrary to Appellants' argument, Judge O'Neill did not delay the ruling on the motion for recusal until after final judgment was entered. The trial court approved the class settlement by order entered on July 10, 2008. Appellants' motion for recusal was not filed until May 19, 2009—ten months **after** the settlement was approved. Furthermore, as explained above, Judge O'Neill believed—although incorrectly—that he did not need to rule upon the motion as Appellants and their attorney lacked standing to seek his recusal. Once this Court remanded the case with instructions to rule on the motion for recusal, and the record was remitted to the trial court, Judge O'Neill ruled promptly.

7. There are other definitions of a final order set forth in Pa.R.A.P. 341(b); however, none of those definitions is applicable to this case.

8. It is not clear from a review of Appellants' response to the rule to show cause whether they are arguing that the trial court's order denying the motion for recusal is a collateral order and, therefore, immediately appealable. Even if they are making this argument, we do not believe that this is a collateral order. Under Pa.R.A.P. 313(b), a collateral order is an order that 1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost. *American Independent Insurance Co. v. E.S.*, 809 A.2d 388, 391 (Pa.Super.2002). Here, the recusal order is separable and collateral from the main causes of action and involves a right too important to be denied review. However, it does not involve a right too important to be denied **immediate** review and delaying appellate review will not cause the claim to be irreparably lost. Accordingly, the July 27, 2011 order is not a collateral order.

Judge O'Neill's July 27, 2011 order. They will merely have to wait until **all** remaining issues currently pending before the trial court are decided.

Appeal quashed.