J. S17034/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE ESTATE OF: | : | IN THE SUPERIOR COURT OF |
| ROBERT M. MUMMA | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: ROBERT M. MUMMA, II | : | No. 1326 MDA 2019 |

Appeal from the Order Dated July 9, 2019,
in the Court of Common Pleas of Cumberland County
Orphans' Court Division at No. 21-86-0398

BEFORE: PANELLA, P.J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUMBY FORD ELLIOTT, P.J.E.: **FILED: MAY 11, 2020**

Robert M. Mumma, II, appeals, ***pro se***, from the July 9, 2019 order entered in the Court of Common Pleas of Cumberland County that granted the request of Lisa M. Morgan, trustee ("trustee"), under the will of Robert M. Mumma, Sr. ("decedent"), to combine the marital trust and the residuary trust and that denied appellant's request that the trial court recuse itself from any further action regarding decedent's estate. Appellant also purports to appeal from the July 30, 2019 order that denied his motion to reconsider the July 9, 2019 order. We quash this appeal.

As a previous panel of this court noted:

> [Decedent] died testate over thirty years ago. The distribution of the assets of his estate has been delayed by numerous lawsuits brought by [a]ppellant, a ***pro se*** litigant. There have been at least sixteen previous appeals filed by [a]ppellant to this [c]ourt, and the estimated costs to the estate from [a]ppellant's vexatious and specious lawsuits has been approximately five million dollars.

*In re: Estate of Mumma*, No. 319 MDA 2017, unpublished judgment order at *2 (Pa.Super. filed October 2, 2017).

With that backdrop, we note that after the trustee filed the petition to confirm trust combination, the trial court issued a rule to show cause on appellant[1] as to why the petition should not be granted. In his answer, appellant requested that the trial court recuse itself and alleged that the trustee "seeks to extend her control of the [t]rusts by combining them and not distributing." (Appellant's answer to rule to show cause, 7/1/19 at 3.) On July 9, 2019, the trial court entered the order granting the trustee's request to combine the trusts and denying appellant's recusal request. Appellant filed a motion for reconsideration, which the trial court denied on July 30, 2019. Appellant then filed a notice of appeal. Although the trial court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), appellant filed a "matters complained of" wherein he stated:

> The issues raised in the Answer to the Rule to show Cause and the Motion for Reconsideration of the July 9th Order and the failure of the [trial c]ourt to Order the distribution of the Trust assets as instructed by Robert M. Mumma in Seventh and Eighth of his Will are the basis of this appeal. [The trial c]ourt should have recused himself from the matter.

---

[1] We note that the trial court's rule to show cause was also issued upon Barbara M. Mumma, one of decedent's children, who is not a party to this appeal.

Appellant's "matters complained of," 8/28/19. The trial court then filed a Rule 1925(a) opinion.

Appellant raises the following issues for our review:

[1.] Did the [trial] court erroneously reject the issues raised in the appellant's answer to the rule to show cause?

[2.] Whether the trial judge abused its discretion and committed an error of law in failing to recuse [it]self?

Appellant's brief at 5 (full capitalization omitted).

This court may reach the issue of appealability **sua sponte** because it affects our jurisdiction over the case. **In re Miscin**, 885 A.2d 558, 561 (Pa.Super. 2005). With respect to appealability,

[this c]ourt may reach the merits of an appeal taken from "(1) a final order or an order certified as a final order; (2) an interlocutory order [appealable] as of right; (3) an interlocutory order [appealable] by permission; or (4) a collateral order. As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties. Once an appeal is filed from a final order, all prior interlocutory orders become reviewable.

**In re Bridgeport Fire Litig.**, 51 A.3d 224, 229 (Pa.Super. 2012) (internal citations and quotation marks omitted; brackets in original).

"[I]n a decedent's estate, the confirmation of the final account of the personal representative represents the final order, subject to exceptions being filed and disposed of by the court." **In re Quinn**, 805 A.2d 541, 543 (Pa.Super. 2002) (citations omitted). Here, the record reflects that the trial

court has not confirmed a final accounting. Therefore, the order granting the trustee's request to combine the trusts is not a final, appealable order. We further note that appellant could not appeal the order as of right under Pa.R.A.P. 311; appellant neither requested nor received permission to appeal this interlocutory order; and the order could not be appealed under the collateral order doctrine as defined in Pa.R.A.P. 313(b). Consequently, the order granting the trustee's request to combine the trusts is not appealable. With respect to that part of the order that denied appellant's request that the trial court recuse itself, it is well settled that an order denying a motion for recusal is not a final, appealable order. ***In re Bridgeport Fire Litig.***, 51 A.3d at 230.

Appeal quashed.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/11/2020

---

[2] In light of our disposition, we deny appellant's request for oral argument.