J-S20039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY CALHOUN | : | |
| | : | |
| Appellant | : | No. 1363 WDA 2021 |

Appeal from the Order Entered October 20, 2021
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000449-2012

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: JULY 28, 2022**

Appellant, Gary Calhoun, appeals from the order entered in the Cambria County Court of Common Pleas, which dismissed his motion for disqualification of judge.  We affirm.

The relevant facts and procedural history of this appeal are as follows. A jury convicted Appellant of one count of corruption of minors.  On December 17, 2013, the court sentenced Appellant to a mandatory minimum term of twenty-five (25) years' imprisonment, pursuant to 42 Pa.C.S.A. § 9718.2.[1] This Court affirmed the judgment of sentence on November 12, 2014, and Appellant did not seek further review.  ***See Commonwealth v. G.C.***, 113

---

[1] Section 9718.2 imposes a mandatory 25-year sentence on offenders who have a prior conviction for certain offenses enumerated in 42 Pa.C.S.A. § 9799.14.

A.3d 347 (Pa.Super. 2014) (unpublished memorandum).

On January 5, 2015, Appellant timely filed his first petition pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. The court appointed counsel, who filed an amended petition on March 12, 2015. On April 28, 2015, the court denied PCRA relief. This Court affirmed the order denying PCRA relief on July 11, 2016, and Appellant did not seek further review. **See Commonwealth v. Calhoun**, 154 A.3d 851 (Pa.Super. 2016) (unpublished memorandum). Thereafter, Appellant filed several unsuccessful PCRA petitions.

On September 13, 2021, Appellant filed another *pro se* PCRA petition, his fifth, and a *pro se* motion for disqualification of judge. In the *pro se* PCRA petition, Appellant raised various claims regarding "newly discovered" medical and court records. In the *pro se* recusal motion, Appellant claimed that the PCRA jurist possessed "personal knowledge of new evidence that proves [Appellant's] innocence that was not available at the time of trial." (Recusal Motion, filed 9/13/21, at ¶1). Appellant also argued that the jurist possessed "personal knowledge of a court proceeding impeaching the credibility of Commonwealth … witnesses." (**Id.** at ¶2). Appellant maintained that "the above facts reasonably call into question the impartiality of the [jurist] and dictate that [he] recuse [himself] from further action herein." (**Id.** at ¶8).

On September 20, 2021, the court issued notice of its intent to dismiss the PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant

did not file a response to the Rule 907 notice. On October 20, 2021, the court dismissed the current PCRA petition as untimely. In a separate order entered that same day, the court denied Appellant's recusal motion.

On November 5, 2021 and November 8, 2021, Appellant timely filed separate, *pro se* notices of appeal from the orders denying the recusal motion and PCRA petition.[2] The court subsequently ordered Appellant to file Pa.R.A.P. 1925(b) concise statements of matters complained of on appeal. Appellant complied with the court's Rule 1925(b) orders.

On appeal, Appellant now raises one issue for our review:

> Did the PCRA court err in denying [Appellant's] motion for disqualification of judge.

(Appellant's Brief at 6) (unnumbered).

Appellant alleges that the PCRA judge presided over 2005 dependency proceedings involving Appellant and his children. Appellant insists that the proceedings stemmed from the "personal bias" of certain Children and Youth Services employees, and the judge was aware of such bias because he ultimately dismissed the dependency petitions. (*Id.* at 9). Further, Appellant relies on his most recent PCRA filing for the proposition that the judge has

---

[2] While an order denying a motion to recuse is interlocutory and not a final, appealable order, "[o]nce an appeal is filed from a final order, all prior interlocutory orders become reviewable." *In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa.Super. 2012). Here, Appellant filed an appeal from the dismissal of his PCRA petition, docketed at 1364 WDA 2021, which was a final order. Therefore, the order denying Appellant's recusal motion became reviewable, and Appellant may proceed with the instant appeal.

personal knowledge of the fact that the Commonwealth illegally "suppressed" certain mental health records at the time of Appellant's trial. (*Id.* at 10). Due to this "personal knowledge," Appellant contends that the judge "is likely to be a material witness in this matter," as the case obtains further review under the PCRA. (*Id.*) Appellant concludes that the judge's continued involvement creates an appearance of impropriety, and this Court must reverse the order denying his recusal motion. We disagree.

"Where a jurist rules that he … can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion." *Commonwealth v. White*, 557 Pa. 408, 426, 734 A.2d 374, 384 (1999).

> In reviewing the denial of a recusal motion to determine whether the judge abused his discretion, we recognize that our judges are honorable, fair and competent. Based on this premise, where a judge has refused to recuse himself, on appeal, we place the burden on the party requesting recusal to establish that the judge abused his discretion.
>
> \* \* \*
>
> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will*.*

*Commonwealth v. King*, 576 Pa. 318, 322-23, 839 A.2d 237, 239-40 (2003) (internal citations, quotation marks, and emphasis omitted).

"In general, a motion for recusal is properly directed to and decided by the jurist whose participation the moving party is challenging." *Id.* at 322, 839 A.2d at 239. "It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness, which raises a substantial doubt as to the jurist's ability to preside impartially." *White, supra* at 426, 734 A.2d at 383-84 (1999) (quoting *Commonwealth v. Abu-Jamal*, 553 Pa. 485, 507, 720 A.2d 79, 89 (1998)).

> The inquiry is not whether a judge was in fact biased against the party moving for recusal, but whether, even if actual bias or prejudice is lacking, the conduct or statement of the court raises an appearance of impropriety. The rule is simply that disqualification of a judge is mandated whenever a significant minority of the lay community could reasonably question the court's impartiality.

*Commonwealth v. Druce*, 796 A.2d 321, 327 (Pa.Super. 2002), *aff'd*, 577 Pa. 581, 848 A.2d 104 (2004) (internal citations and quotation marks omitted).

Instantly, the court addressed this issue as follows:

> [O]n October 20, 2021, the [c]ourt issued an Opinion and Order denying the [current PCRA] petition as untimely. This decision made [Appellant's recusal] motion moot, as there would be no hearing on the [PCRA] petition and thus this jurist would not be a material witness. As such there is little chance that a significant minority of the lay community could reasonably question the court's impartiality in regards to [Appellant's PCRA] petition.

(PCRA Court Opinion, filed 12/13/21, at 3) (internal citations omitted).[3]  We agree with the court's determination and emphasize that our review of the record does not reveal any conduct of the court that raises an appearance of impropriety.  **See Druce, supra**.  Accordingly, we affirm.

      Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2022

---

[3] Further, in the appeal docketed at 1364 WDA 2021, we have affirmed the order dismissing Appellant's current PCRA petition.