J-E02005-22

2023 PA Super 14

| | | |
|---|---|---|
| MICHELE LOFTUS AND RICHARD LOFTUS, HER HUSBAND | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| KATRINA DECKER | : : : | No. 611 WDA 2021 |
| APPEAL OF: EASTERN ALLIANCE INSURANCE GROUP | : : : | |

Appeal from the Order Entered April 23, 2021
In the Court of Common Pleas of Indiana County Civil Division at No(s):
11725 CD 2020

BEFORE:  PANELLA, P.J., OLSON, J., DUBOW, J., KUNSELMAN, J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., McCAFFERY, J., and SULLIVAN, J.

OPINION BY NICHOLS, J.:                **FILED: FEBRUARY 1, 2023**

Appellant Eastern Alliance Insurance Group appeals from the order denying its petition to intervene in an action initiated by Michelle and Richard Loftus (collectively, the Loftuses) in a *praecipe* for writ of summons against Katrina Decker (Decker).  After review, we quash.

Briefly, the record reflects that on September 25, 2020, the Loftuses filed a *praecipe* for writ of summons naming Decker as the defendant.  On February 25, 2021, Appellant filed a petition to intervene.[1]  In its petition, Appellant asserted that Michelle Loftus (Loftus) was employed as a bus driver for Appellant's insured, Tri County Transportation.  **See** Appellant's Pet. to

---

[1] Because no complaint was filed, and due to the sparseness of the record at this stage of the proceedings, we glean the background of this matter, as best we can, from the facts alleged in Appellant's petition to intervene.

Intervene, ¶¶ 1-7. The petition further alleged that Loftus had sustained injuries in an auto accident that occurred while she was in the course of her employment with Tri County Transportation, and that Decker caused the auto accident. *See id.* Due to her injuries, Loftus previously sought workers' compensation benefits from Appellant, which claims that it paid Loftus $196,093.34 in workers' compensation benefits. *See id.* at ¶¶ 8-9. Appellant states that the $196,093.34 is a statutory lien against any damages Loftus may recover from Decker in a personal injury/tort action. *See id.* Appellant contends that Loftus settled her workers' compensation claim on May 14, 2020, and that the settlement agreement provided as follows:

> Employer/Carrier retains its absolute right to statutory subrogation pursuant to Section 319 of the Workers' Compensation Act, [77 P.S. § 671,] as amended. Claimant understands that in the event of a third-party recovery, Employer/Carrier is subrogated for all workers' compensation benefits it paid to [Loftus] or on Claimant's behalf, including the amount of this settlement, with no lien waiver as agreed upon by the Claimant. It shall be the responsibility of Claimant to notify [Appellant] of any third-party recovery either by settlement or trial and to satisfy [Appellant's] statutory subrogation claim from the proceeds of any third-party recovery within thirty (30) days of receipt of any recovery.

*Id.* at ¶ 17.

As noted previously, the Loftuses filed a *praecipe* for writ of summons against Decker, and Appellant notified the parties of its workers' compensation subrogation lien. It is undisputed that the Loftuses have not filed a complaint. However, although no complaint has been filed, Appellant filed a petition to intervene. Appellant asserts that intervention is necessary to protect its

workers' compensation lien because the Loftuses refuse to accept the $25,000 that Decker's insurance carrier offered to settle the case. ***See id.*** at ¶¶ 15-24. Appellant asserts that the Loftuses are prepared to abandon litigation and not seek recovery against Decker unless Appellant agrees to compromise its statutory lien rights. ***See id.*** at ¶¶ 21-22. Specifically, Appellant contends that it is necessary for it to intervene to "prosecute this matter and protect its statutory lien rights, which are not adequately represented by [the Loftuses] or [Decker]." ***Id.*** at ¶ 23.

Appellant attached a civil complaint to its petition to intervene. This complaint lists Loftus as the sole plaintiff, and it alleges that Decker was legally responsible for the accident and the damages that Loftus sustained. Appellant's Proposed Comp., 2/22/21, at 3-5. Appellant did not list itself as a named party. Rather, Appellant listed itself as a third-party intervener and subrogation lien holder. ***Id.*** at 2, 5.

On April 23, 2021, the trial court denied Appellant's petition to intervene and concluded as follows:

1. [The Loftuses] commenced this suit by filing "Plaintiff's *Praecipe* for Writ of Summons" on September 25, 2020. A complaint has not been filed.

2. There are no verified allegations of the facts supporting the cause of action, and, in fact, no cause of action [has] been alleged.

3. Until a cause of action, and the facts supporting such cause of action, are alleged by [the Loftuses], the [trial court] is unable to determine the merits of [Appellant's petition to intervene].

> Wherefore, it is ordered, adjudged, and decreed that [Appellant's petition to intervene] is denied. Provided, however, this denial is without prejudice to [Appellant] to file the same or similar [petition to intervene after] a complaint is filed.

Order, 4/23/21 (some formatting altered).

Accordingly, the trial court concluded that it could not grant Appellant's petition to intervene pursuant to Pa.R.C.P. 2327, because, in the absence of a complaint, no judgment could be entered. *See* Trial Ct. Op., 7/6/2021, at 1-3. Therefore, it was impossible for Appellant to demonstrate the existence of a legally enforceable interest that intervention would protect. *See id.* Additionally, the trial court reasoned that Appellant could not establish the right to appeal the order as a collateral order under Pa.R.A.P. 313(b), because there is no right that would be "irreparably lost." *Id.* at 3. The trial court concluded that without a complaint or the possibility of an adverse judgment, Appellant was initiating the action rather than protecting a right that could be lost if the ability to appeal was denied. *Id.* at 2-3.

Following the April 23, 2021 order denying its petition to intervene, Appellant filed the instant appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On March 10, 2022, a three-judge panel of this Court quashed the appeal, and on March 23, 2022, Appellant timely filed an application for reargument *en banc*. On May 17, 2022, this Court granted *en banc* review and withdrew the prior panel's decision. Reargument was heard by this Court *en banc* on September 14, 2022, and this matter is now ripe for disposition.

- 4 -

Appellant presents the following issues for review:

1. Pursuant to Pa.R.A.P. 313, is the instant matter appealable by right as collateral order?

2. Did the [trial court] abuse its discretion and commit an error of law when it denied [Appellant's] petition to intervene without a hearing, on the basis that the court had insufficient facts by which to consider the petition to intervene, when facts sufficient were alleged in the verified petition to intervene and not contested in Appellees' response in opposition thereto?

Appellant's Brief at 4 (some formatting altered).

Appellant contends that the order denying its petition to intervene is appealable as a collateral order under Pa.R.A.P. 313. In support, Appellant claims that (1) the order can be reviewed without analyzing the merits of Loftuses' tort claims against Decker; (2) the order involves rights that are deeply rooted in public policy and too important to deny an immediate review; and (3) Appellants' claim would be irreparably lost if review was postponed. *See* Appellant's Brief at 12-16.

It is well settled that questions concerning the appealability of an order implicate our jurisdiction. *Jacksonian v. Temple Univ. Health Sys. Found.*, 862 A.2d 1275, 1279 (Pa. Super. 2004) (citation omitted). Generally, an appeal to our Court lies only from a final order. *See Barak v. Karolizki*, 196 A.3d 208, 215 (Pa. Super. 2018) (citing 42 Pa.C.S. § 742). "[A] final order is any order that disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Typically, "an appeal will not lie from an order denying intervention, because such an order is not a final determination of the claim

made by the would-be intervenor." ***First Commonwealth Bank v. Heller***, 863 A.2d 1153, 1155 (Pa. Super. 2004) (citation omitted).[2]

However, an appeal may be permitted if the order in question satisfies the requirements for an appealable collateral order under Pa.R.A.P. 313. Pursuant to Pa.R.A.P. 313(b), a collateral order must satisfy a three-pronged test and is defined as an order that: "1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost." ***In re Bridgeport Fire Litigation***, 51 A.3d 224, 230 n.8 (Pa. Super. 2012) (citation omitted). "Absent the satisfaction of all three prongs of the collateral order test, this Court has no jurisdiction to consider an appeal of an otherwise non-final order." ***Spanier v. Freeh***, 95 A.3d 342, 345 (Pa. Super. 2014) (citation omitted).

This Court has explained that:

> For the first prong of the analysis under Pa.R.A.P. 313(b), a court must determine whether the issue(s) raised in the order are separable from the central issue of the ongoing litigation. Under the second prong, in order to be considered too important to be denied review, the issue presented must involve rights deeply rooted in public policy going beyond the particular litigation at hand. An issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule. Furthermore, with regard to the third prong of the analysis, our Supreme Court explained that

---

[2] It is undisputed that the order denying Appellant's petition to intervene is not a final order.

whether a right is adequately vindicable or effectively reviewable, simply cannot be answered without a judgment about the value interests that would be lost through rigorous application of a final judgment requirement.

***Bogdan v. American Legion Post 153 Home Assoc.***, 257 A.3d 751, 755-56 (Pa. Super. 2021) (citation omitted and formatting altered).

Appellant contends that the first prong of the test for a collateral order is satisfied because the order denying intervention is separable from and collateral to the central issue involving Decker's liability for damages the Loftuses sustained. Appellant's Brief at 12-13. Appellant asserts that the second prong is also met because, as a workers' compensation insurance carrier, Appellant's right of subrogation is protected by statute and its right to recover its statutory lien is too important to be denied review. ***Id.*** at 13-15. Finally, Appellant argues that the claims set forth in its petition to intervene establish that intervention is the only way for Appellant to protect its subrogation rights because the Loftuses have threatened to abandon their cause of action, which would preclude Appellant's subrogation claim. ***Id.*** at 15.

The Loftuses respond that the order denying Appellant's petition to intervene does not satisfy the three prongs necessary for an appealable collateral order. Further, the Loftuses claim that the facts alleged in Appellant's petition to intervene are insufficient to determine the main cause of action in the Loftuses' writ of summons. Loftuses' Brief at 9. Next, the Loftuses assert that currently, Appellant has not lost any rights and it "is in

the same position as it was prior to the writ of summons being filed." ***Id.*** at 10. Moreover, the Loftuses argue that the plaintiff controls whether a complaint is filed against a third-party defendant and not the workers' compensation insurance carrier. ***Id.*** The Loftuses also note that Appellant could have protected its ability to pursue subrogation because it was free to bargain for an assignment of rights from Michelle Loftus as part of a workers' compensation settlement. ***Id.*** However, the Loftuses assert that Appellant failed to secure such an assignment of rights, and Appellant should not be able to complain that the issue is now "too important to be denied review." ***Id.*** The Loftuses conclude by contending that the order is not appealable and assert that at this stage of the proceedings, where only a writ of summons has been filed, the trial court cannot enter final judgment. ***Id.*** at 11.[3]

## **Separable Claim**

We begin our review by addressing whether the order denying Appellant's petition to intervene satisfies the first prong of the collateral order test requiring the order to be separable from the main cause of action. ***See Bridgeport Fire Litigation***, 51 A.3d at 231. Upon review, we conclude that the order meets this first prong.

Indeed, the order denying Appellant's petition to intervene to protect its subrogation rights is separable from and collateral to tort claims the Loftuses could file against Decker. ***See, e.g., Bogdan***, 257 A.3d at 756 (concluding

---

[3] The Loftuses acknowledge that the trial court could require them to file a complaint or withdraw the writ of summons. Loftuses' Brief at 11.

that where liquor liability insurance company sought to intervene in a negligence action that the decedent's estate filed against an American Legion Post, liquor liability insurance company's right to intervene was collateral to the underlying action). Instantly, Appellant's procedural ability to intervene is distinct from and collateral to any claims for personal injuries or tort claims the Loftuses could pursue against Decker. Accordingly, the order satisfies the first prong, and we proceed to the second part of the test.

## **Important Right**

We next address whether the right involved is too important to be denied review. **See Bridgeport Fire Litigation**, 51 A.3d at 231. After careful review, we conclude that the order denying Appellant's petition to intervene does not meet this second prong because Appellant has no legal interest or right to protect at this stage of the proceedings.

Appellant argues that the trial court erred in holding that it could not grant Appellant's petition to intervene until a complaint was filed. Appellant's Brief at 17. Appellant contends that Pa.R.C.P. 1007(1) provides that an action can be commenced by *praecipe* for writ of summons, and Pa.R.C.P. 2327 provides that "[a]t any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein," which renders intervention allowable. *Id.* at 22-26.

First, we note that a *praecipe* for writ of summons contains no statement of facts, claims, rights, or prayer for relief, and it states merely: "You are hereby notified that [name(s) of plaintiff(s)] has (have) commenced an action

against you." Pa.R.C.P. 1351. The purpose of the *praecipe* for writ of summons is "to provide certainty as to the commencement of an action and to remove a subsequent failure to effect service from consideration in determining whether the statute of limitations has been tolled." ***Sayers v. Heritage Valley Medical Group, Inc.***, 247 A.3d 1155, 1161 (Pa. Super. 2021) (quoting ***Lamp v. Heyman***, 366 A.2d 882, 886 (Pa. 1976)).

The Loftuses' writ of summons serves only a limited purpose, and it does not contain any facts. Therefore, we agree with the trial court that, without a complaint, the record does not contain sufficient information upon which to determine whether Appellant's intervention is proper under the Rules of Civil Procedure. ***See*** Pa.R.C.P. 2327, 2328, and 2329. Because the Loftuses have not filed a complaint, proceeding based on Appellant's petition to intervene would necessarily substitute Appellant in place of the Loftuses as plaintiff in a tort action against Decker. Essentially, through its petition to intervene, Appellant would become the first party pleading the Loftuses' cause of action, claiming the facts supporting the Loftuses' cause of action, and alleging the Loftuses' prayer for relief. Moreover, it would allow Appellant to both craft the action and assert the reasons it should be permitted to intervene in that action. As such, an objective analysis of the intervention factors from Pa.R.C.P. 2327, 2328, and 2329 would be impossible, and the first party pleading any facts in the case would not be the plaintiff or defendant, but rather it would be a party with no legal interest to protect at this time.

Therefore, because Appellant does not yet have a legal interest or important right to protect, we conclude that the order denying Appellant's petition to intervene does not meet the second prong of the test for an appealable collateral order. **See Bridgeport Fire Litigation**, 51 A.3d at 231.

With respect to Appellant's claim concerning its subrogation rights, we note that Section 319 of the Workers' Compensation Act, 77 P.S. § 671, does not bestow upon any party, directly or indirectly, the right to take any action against a third-party tortfeasor. **See Hartford Ins. Group on behalf of Chunli Chen v. Kamara**, 199 A.3d 841 (Pa. 2018) (**Kamara II**); **Liberty Mutual Ins. Co. v. Domtar Paper Co.**, 113 A.3d 1230 (Pa. 2015) (**Domtar Paper**). Instead, our Supreme Court has held that Section 319 provides that only the employee can pursue damages from the tortfeasor, and the insurer has no right to seek a recovery or compel an employee to seek recovery to satisfy a statutory lien under the Workers' Compensation Act. **See Kamara II**, 199 A.3d at 853; **Domtar Paper**, 113 A.3d at 1240.

In **Domtar Paper**, the insurer directly filed a complaint against a third-party tortfeasor alleging negligence resulting in injury to an employee, who had declined to pursue a claim against the tortfeasor. In response, the third-party tortfeasor asserted that the insurer had no right to file an independent claim for damages on behalf of the injured employee who did not file an action. On appeal, the **Domtar Paper** Court held that under Section 319, an insurance carrier has "no independent cause of action for indemnification/contribution from the negligent party who caused the

insurance carrier to pay the injured employee benefits." ***Domtar Paper***, 113 A.3d at 1239.  The action against the third-party tortfeasor must be brought by the injured employee.  The ***Domtar Paper*** Court stated:

> [W]e reaffirm that the right of action against a third-party tortfeasor under Section 319 of the [Workers' Compensation Act] remains in the injured employee, and that the employer/insurer's right of subrogation under Section 319 must be achieved through a single action brought in the name of the injured employee or joined by the injured employee.

***Id.*** at 1240.

In ***Kamara II***, our Supreme Court addressed the issue of whether an insurer could bring an action against a third-party tortfeasor if it filed the action on behalf of the employee.  ***Kamara II***, 199 A.3d at 842.  In that case, an employee of a rental car company was hit by a car driven by a third-party driver while standing in her employer's parking lot.  The employee did not want to participate in a third-party case against the driver, and the insurer filed its complaint against the third-party tortfeasor as "The [insurer] on behalf of [the claimant]" and captioned the plaintiff in the complaint as "The [insurer] on behalf of [employee]."  ***Id.*** at 843.  The trial court sustained the third-party tortfeasor's preliminary objections and dismissed the insurer's complaint with prejudice.  On appeal, this Court vacated the trial court's order and remanded for further proceedings. ***See The Hartford Ins. Group on Behalf of Chen v. Kamara***, 155 A.3d 1108, 1113-14, 1115 (Pa. Super. 2017) (***Kamara I***) (concluding that the insurer's action, which was initiated "on behalf" of the employee, was not an improper direct claim for subrogation,

and the insurer could properly verify the complaint upon information and belief).

Our Supreme Court subsequently granted review and reversed this Court's decision in **Kamara I**. Specifically, the Supreme Court held that "the right of action against the tortfeasor remains in the injured employee . . . unless the injured employee assigns her cause of action or voluntarily joins the litigation as a party plaintiff, the insurer may not enforce its statutory right to subrogation by filing an action directly against the tortfeasor." **Kamara II**, 199 A.3d at 842.

Further, the **Kamara II** Court rejected the insurer's claim that the decision in **Domtar Paper** left open the possibility that an insurer could pursue a cause of action against a third-party tortfeasor if the insurer initiated litigation "in the name of" or "on behalf of" a claimant. **Id.** at 845, 849 (stating that an employer or workers' compensation carrier cannot seize the injured employee's cause of action against the tortfeasor "by merely captioning the complaint 'on behalf of' the employee and/or by including in the complaint independent claims of the employee in addition to the claim for subrogation of workers' compensation benefits"). Further, the Court held that the right of recovery flows exclusively through the employee's decision alone, that a claim must be brought with the employee's "participation," and that there is no "authority, statutory or otherwise, permitting an [insurer] to pursue [employee's] cause of action against [a t]ortfeasor without [the employee's] voluntary participation as a party plaintiff or the contractual assignment of her

claim." *Id.* Finally, the Court stated: "we reiterate our holding in ***Domtar Paper*** and clarify that absent the injured employee's assignment or voluntary participation as a party plaintiff, the insurer may not enforce its Section 319 right to subrogation by filing an action directly against the tortfeasor." *Id.* at 853.

Further, our Supreme Court in ***Domtar Paper*** and ***Kamara II***, clarified that the Workers' Compensation Act only permits the employee to maintain an action against a third-party tortfeasor; the employee is under no obligation to protect an insurer's lien rights; and the insurer cannot bring a civil action in its own name or "in the name of the employee" to satisfy its statutory lien unless the employee "voluntarily" participates in the action or assigns its rights. ***See Kamara II***, 199 A.3d at 853; ***Domtar Paper***, 113 A.3d at 1240.

Here, Appellant acknowledges that it cannot independently seek to recover its statutory lien against the third-party tortfeasor to satisfy its workers' compensation lien without an assignment of rights from the injured worker. Appellant's Brief at 26. Further, Appellant concedes that it does not have such an assignment. *Id.* However, Appellant asserts that it can intervene and file a complaint because it is not independently seeking to recover its lien; rather, it only seeks to intervene in the action commenced by the Loftuses' *praecipe* for writ of summons. *Id.*

After careful review, we disagree. As noted previously, although the Loftuses filed a *praecipe* for writ of summons and "commenced" the underlying

- 14 -

action against Decker,[4] the filing is devoid of any relevant information, and the action is speculative. Because there is no complaint, there are no specific claims, facts, or prayers for relief. Additionally, it is undisputed that the right to sue Decker remains with the Loftuses and that, at this stage, the record does not yet enumerate the rights the Loftuses seek to exercise or the relief sought.

To the extent Appellant attempts to define and maintain a tort action on behalf of the Loftuses in an effort to protect its own rights, it is precluded from doing so under **Domtar Paper** and **Kamara II**. Specifically, we note that **Kamara II** expressly prohibits Appellant from filing a complaint in Loftus's name and that allowing Appellant to intervene and name Loftus as the plaintiff in a complaint is no different than allowing Appellant to maintain an independent action in its own name to recover the workers' compensation lien, which **Domtar Paper** expressly prohibited. Further, **Kamara II** requires the employee to "voluntarily" participate in the litigation directed at satisfying a subrogation lien, and that instantly, the Loftuses are not voluntary participants in Appellant's proposed action. Additionally, both **Domtar Paper** and **Kamara II** held that an employee under Section 319 is under no obligation to protect an insurance carrier's subrogation lien and, therefore, Appellant's claim that intervention is necessary to protect its statutory lien because the

---

[4] An action may be commenced by filing a *praecipe* for a writ of summons or a complaint. Pa.R.C.P. 1007.

Loftuses may abandon the litigation is unavailing. ***See Kamara II***, 199 A.3d at 853; ***Domtar Paper***, 113 A.3d at 1240.

For these reasons, Appellant does not have a legally enforceable interest to file suit on its own behalf or to compel the Loftuses to file a complaint against Decker to protect Appellant's subrogation lien. Accordingly, we conclude that at this juncture, Appellant has no legally enforceable interest and no right that needs to be protected.[5] As such, the order at issue does not satisfy the second prong of the test to be an appealable collateral order. ***See Bridgeport Fire Litigation***, 51 A.3d at 231.

### Irreparable Harm

For these reasons, we have concluded that Appellant has no right nor interest to protect at this stage of the proceedings, however the trial court has not precluded Appellant from filing its petition to intervene if the Loftuses file their complaint. Therefore, the order denying intervention will not result in any irreparable harm or loss of a claim, and the third prong of the test for an appealable collateral order is not satisfied and no relief is due. ***See id.***

---

[5] We reiterate that no complaint has been filed in this case, and the trial court specifically denied Appellant's petition to intervene without prejudice to Appellant's right to file a petition to intervene if a complaint is filed. ***See*** Trial Ct. Op., 7/6/21, at 2-3; ***see also Gleason v. Alfred I. Dupont Hosp. for Children***, 260 A.3d 256 (Pa. Super. 2021) (finding an order denying workers' compensation insurer's petition to intervene was appealable as a collateral order where the employee had filed a complaint against the tortfeasor).

## **Conclusion**

For these reasons, we conclude that the order underlying this appeal is not an appealable collateral order. Accordingly, we quash.[6]

Appeal quashed.

President Judge Panella, Judges Olson, Judge Dubow, Judge Kunselman, Judge McLaughlin, Judge McCaffery and Judge Sullivan joins the opinion.

Judge Murray files a dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/2023

---

[6] In light of our conclusion, we do not reach Appellant's remaining issue.