J-S47043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GALINA RYTSAR | : | |
| | : | |
| Appellant | : | No. 1571 EDA 2024 |

Appeal from the Order Entered May 8, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-Cr-0005761-2015

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED APRIL 1, 2025**

Galina Rytsar ("Rytsar") appeals pro se from the order entered by the Bucks County Court of Common Pleas denying her motion to recuse.  We affirm.

On February 20, 2016, Rytsar entered an open guilty plea to promoting prostitution, criminal conspiracy, and criminal use of a communication facility. On August 31, 2016, the trial court sentenced Rytsar to three to ten years in prison and a concurrent probation term of ten years.  Rytsar filed a motion for reconsideration of her sentence, which the trial court denied on September 16, 2016.  Rytsar did not appeal.

On June 19, 2017, Rytsar filed her first timely petition pursuant to the Post Conviction Relief Act ("PCRA"),[1] raising several claims including, inter alia, constitutional violations, ineffective assistance of counsel, and unlawful inducement of a guilty plea. On December 13, 2018, the PCRA court dismissed Rytsar's petition. On November 27, 2019, this Court remanded the matter for the PCRA court for a hearing to determine whether Rytsar's trial counsel was ineffective for failing to file a direct appeal. *See Commonwealth v. Rytsar*, 405 EDA 2019 (Pa. Super. Nov. 27, 2019) (non-precedential decision). On November 10, 2020, the PCRA court found Rytsar did not request that trial counsel file a direct appeal and denied her PCRA petition. Rytsar did not appeal this order.

On February 21, 2023, Rytsar filed a pro se "Motion for a New Trial Based on Newly Discovered Evidence." In this motion, Rytsar argued that she was entitled to a new trial because her case was erroneously held for court based on hearsay testimony presented at her preliminary hearing. The PCRA court treated this motion as a second PCRA petition and subsequently entered a Pa.R.Crim.P. 907 notice of intent to dismiss. Rather than respond to the PCRA court's Rule 907 notice, Rytsar filed a second "Motion for a New Trial Based on Newly Discovered Evidence" on April 28, 2023. On May 4, 2023, the PCRA court denied Rytsar's second PCRA petition. Rytsar filed a timely

_____

[1] 42 Pa.C.S. §§ 9541-9546.

appeal. However, Rytsar filed a motion to withdraw the appeal, which this Court granted on August 10, 2023. **See Commonwealth v. Rytsar**, 1252 EDA 2023 (Pa. Super. Aug. 10, 2023) (Order).

In the interim, on May 9, 2023, Rytsar filed another "Motion for New Trial Based on Newly Discovered Evidence," which was nearly identical to her April 28, 2023 motion, including dating it as April 28, 2023. On April 24, 2024, Rytsar filed a motion seeking for the PCRA court to enter an order, alleging that the PCRA court never ruled on her May 9, 2023 "Motion for New Trial Based on Newly Discovered Evidence." Rytsar filed motions for a video conference on October 30, 2023, and January 8, 2024, even though she had no pending hearings or pending motions requesting a hearing. The PCRA court denied these motions as moot.

On April 24, 2024, Rytsar filed a motion seeking for the PCRA court to enter an order, alleging that the PCRA court never ruled on her May 9, 2023 "Motion for New Trial Based on Newly Discovered Evidence." Before the PCRA court could respond, Rytsar filed a motion to recuse on April 29, 2024, alleging that the PCRA court is biased against her by its "refusal" to rule on her May 9, 2023 motion. On May 1, 2024, the PCRA court denied Rytsar's motion for the entry of an order, explaining, in a footnote, that the contents of the May 9, 2023 order were nearly identical to the February 21, 2023 PCRA petition. The court indicated that it returned the May 9, 2023 motion as duplicative and

moot, as the claims therein had already been dismissed in prior PCRA actions. On May 8, 2024, the PCRA court denied Rytsar's motion to recuse.[2]

Rytsar filed a timely notice of appeal. Both Rytsar and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925. On appeal, Rytsar presents the following issue for our review: "Did the trial court err and abuse its discretion by failing to grant [Rytsar's] Motion to Recuse?" Rytsar's Brief at 4.

Preliminarily, the Commonwealth avers that Rytsar's motion to recuse is an unappealable interlocutory order. *See* Commonwealth's Brief at 7-8. Generally, "orders denying a motion for recusal are not collateral and, therefore, are not immediately appealable." ***Commonwealth v. Shannon***, 184 A.3d 1010, 1018 n.18 (Pa. Super. 2018) (citation omitted); ***see also Rohm & Haas Co. v. Lin***, 992 A.2d 132, 149 (Pa. Super. 2010) (noting "[a] motion for recusal is an interlocutory order."). However, "[o]nce an appeal is filed from a final order, all prior interlocutory orders become reviewable." ***In re Bridgeport Fire Litigation***, 51 A.3d 224, 229 (Pa. Super. 2012). Here, the order denying Rytsar's April 29, 2024 motion for order was a final order. Furthermore, the PCRA court denied Rytsar's June 7, 2024 motion to amend,

_____

[2] On June 7, 2024, Rytsar filed a "Motion to Amend PCRA Petition," requesting to amend her May 9, 2023 "Motion for New Trial Based on Newly Discovered Evidence." On July 15, 2024, the PCRA court denied Rytsar's motion to amend. Rytsar filed an appeal from the July 15, 2024 order. This matter is docketed at 1986 EDA 2024.

which was also a final order, and Rytsar has filed an appeal. Therefore, because there are no pending motions or petitions and the order relating to the recusal motion is final, this appeal is properly before us. ***See id.***

"The standards for recusal are well established. It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice[,] or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." ***Commonwealth v. Dip***, 221 A.3d 201, 206 (Pa. Super. 2019) (citation omitted). Our Court has also noted:

> In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion. In reviewing a denial of a disqualification motion, we recognize that our judges are honorable, fair[,] and competent.

***Id.*** (citation omitted). We will reverse a trial court only if it "misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record shows that [its] decision is a result of partiality, prejudice, bias, or ill will." ***Commonwealth v. Reefer***, 816 A.2d 1136, 1141 (Pa. Super. 2003).

Rytsar avers that the PCRA court abused its discretion because it never ruled on her May 9, 2023 "Motion for New Trial Based on Newly Discovered Evidence." ***See*** Rytsar's Brief at 8-9. She further asserts that the PCRA court erred by failing to appoint her counsel after this Court remanded for further

proceedings on her first PCRA petition and failing to notify her of appellate rights after the PCRA denied her first PCRA petition. *Id.* at 10-13. According to Rytsar, these errors amounted to violations of her due process rights, which prejudiced her ability to obtain PCRA relief, and that the judge's recusal is required because she has established the judge's "bias, prejudice and unfairness." *Id.* at 12-13.

The PCRA court addressed Rytsar's claims as follows:

> In [Rytsar's] April 29, 2024 [m]otion to [r]ecuse, she claimed that [the PCRA c]ourt is biased and prejudiced against her. The only evidence she offered to support this claim of bias relates to [the PCRA c]ourt's alleged refusal to rule on various motions she filed. [Rytsar's] [c]oncise [s]tatement, however, asserts bias on entirely different grounds. She claims that [the PCRA c]ourt failed to advise her of her appellate rights, wrongly denied her counsel, and violated various [c]onstitutional rights. These claims were neither raised nor even referenced in her [m]otion to [r]ecuse—the denial of which is the basis for this appeal. Accordingly, [Rytsar] may not now assert these new theories of bias for the first time on appeal.

> Rather than address these new allegations of bias, [the PCRA c]ourt will explain its reasoning for denying [Rytsar's] [m]otion to [r]ecuse based on the claims it was presented at that time. In her [m]otion to [r]ecuse, [Rytsar] contends that [the PCRA c]ourt's bias against her evidenced by its failure to rule on various motions. However, … [Rytsar] completely ignores the fact that all [m]otions were either addressed or moot at the time of filing … [The May 9, 2023 motion], … reiterated the same claims set forth in [Rytsar's first PCRA petition that was denied and which she did not appeal.[3]] As [Rytsar] has a habit of repeatedly filing

_____

[3] The PCRA court erroneously states that the issues raised in her May 9, 2023 motion were contained in Rytsar's second PCRA petition. *See* PCRA Court Opinion, 8/7/2024, at 8. Our review of the record shows that claims of ineffective assistance of counsel were contained in her first PCRA petition, not

*(Footnote Continued Next Page)*

confusing and misleading pro se motions, [the PCRA c]ourt reasoned that said [m]otion was just another attempt to address [the PCRA c]ourt for PCRA purposes and addressed it as such in its [o]pinion.

Further, in [Rytsar's] [m]otion to [r]ecuse, she states that [the PCRA c]ourt did not rule on her October 30, 2023, January 8, 2024, and April 4, 2024 [m]otions for [v]ideo [c]onference. However, two of these [m]otions were filed at a time when no hearings were pending nor when any motions for a hearing were pending. As such, Court Administration returned them to the file as moot, rightfully so, before [the PCRA c]ourt ever had the opportunity to review them. The third [m]otion, allegedly filed on April 4, 2024, is not reflected on the docket and, as far as this Court is aware, does not exist. However, even if it were on the docket, it would have followed the same sequence of events as the first two and [Rytsar's] assertion that [the PCRA c]ourt is ignoring her filings is clearly unfounded.

Put simply, it appears that [Rytsar] repeatedly attempts to use nonsensical and inappropriate motions in order to get a second bite at the apple of litigating her case. [The PCRA c]ourt knows it is unbiased, unprejudiced, and fair, and, as such, it denied [Rytsar's] [m]otion to [r]ecuse. [Rytsar's] assertion that this denial is an abuse of discretion of [the PCRA c]ourt's discretion is baseless and without merit.

PCRA Court Opinion, 8/7/2024, at 7-8.

Our review of the record confirms that Rytsar's claimed due process violations (the failure to appoint counsel or to advise her of her appellate rights regarding her first PCRA petition) were not raised in her recusal motion. *See generally* Motion to Recuse, 4/29/2024, at 1-2. The law is clear that claims

_____

her second, and further that the claims raised in her May 9, 2023 motion differed from either prior PCRA filing. This misstatement by the PCRA court does not impact our review or decision.

- 7 -

must first be raised before the court of original jurisdiction, and those raised for the first time on appeal are waived. Pa.R.A.P. 302(a).

Our review of the record further reflects that Rytsar did not raise any claims related to her May 9, 2023 motion in claiming the judge's bias in her Rule 1925(b) concise statement. Thus, these claims are therefore also waived on appeal. *See* Rytsar's Brief at Exhibit A (1925(b) Statement); Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in the Rule 1925(b) statement are waived).

We therefore have no basis to find error or an abuse of discretion in the PCRA court's denial of Rytsar's recusal motion.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2025